NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— November, 1878.

## HOWARD v. DOUGHERTY.

*In the matter of the estate of* CATHERINE COSTELLO, *deceased.*

Since the enactment of the act of 1867 (*Laws of* 1867, *ch.* 782, §7), repealing the act of 1864 (*Laws of* 1864, *ch.* 71, § 10), an executor of an estate should not be appointed its collector, pending a contest of the will under which the executor acts, against the objection of the contestants, especially where he has an interest in any degree hostile to the estate.

THIS was an application for the appointment of a collector pending the contest of the will and codicil. It appeared that the will appointed one Barclay and James Watson as executors; that Barclay died, and a codicil was made appointing Frederick S. Howard as executor. Said Howard filed a petition, as said executor, setting forth that James Watson, in his life time, was the only qualified executor of James Cos-

tello, deceased, and had charge of his estate from March, 1874, to June, 1878, when he died, whereupon letters testamentary were issued on his will to Catherine Costello, the decedent, as executrix, who did not qualify; and that the petitioner, at her request, took charge of the estate from the death of James Watson to the time of her death, September 14th, 1878, and is, therefore, familiar with the affairs connected therewith, and that he is also executor and has almost exclusive charge of the affairs of the James Watson estate; that the estate of Watson is not in any way mixed up with this estate, as alleged in the petition of Bernard Dougherty, the contestant, but one distinct and separate, and has been kept so by petitioner and said Watson, and prayed that he might be appointed collector of this estate.

In answer to the petition last named, the attorney for the contestant filed an affidavit, alleging that he had examined the records of this court, and found that the estates of James Watson, James Costello and the decedent appear to be represented by said Howard, and he is the proponent of the will and codicil in question; that the objection filed charged James Watson with unduly influencing the decedent in the making of her will; that by the will of James Costello the principal part of his estate became that of the decedent, and that James Watson and the decedent represented the estate of James Costello as executor and executrix, and that there has been no account filed of the estate of said James, but the inventory shows property to the value of $43,600; that the will of James Watson was admitted to probate, whereby

his daughter, the wife of said Howard, became entitled to the greater part, if not the whole, of the said estate, and that she and said Howard are executors of said will, but have filed no inventory; that the taxes are in arrears on decedent's estate for several years, and that the estate of James Watson holds mortgages upon the estate of the decedent. Objection is made to the appointment of said Howard, because his interest in the estate of Watson, through his wife, would not leave him impartial in the administration of the estate.

PADDOCK & CANNON, *for the executor.*

THOS. L. FEITNER, *for the contestant.*

THE SURROGATE. —It is quite clear to my mind that Mr. Howard represents interests hostile to those of the present estate, to some extent at least.

By chapter 71 of the Laws of 1864, section 10, the act of 1837, chapter 460, section 23, was so amended as to give the executor named in the will a prior right to be appointed collector; but by the act of 1867, chapter 782, section 7, the provisions which gave such preference in the act of 1864 were repealed.

It is not quite clear why this repeal was made, but presumably because it was supposed that an executor who propounded a will would be in such a position of hostility to the contestant of the will as to render it probable that, in the administration of the estate, pending the contest, he would be in hostility to the next-of-kin so contesting, and would, therefore, not be so impartial as to justify his custody of the estate during such litigation; and to my mind this affords sufficient reason why an executor, under these circumstances, should not ordinarily be appointed, against the protest of contestants.

A collector and receiver represents the interests of the respective legatees, if the will shall be admitted to probate; but in case of rejection, he represents the heirs and next-of-kin, and should not be appointed, when it is apparent that, in respect to the probate of the will, he is in hostility to any party he must thus represent, except upon the consent of the respective parties, or for some very special reason rendering him indispensable in the proper administration of the estate.

The collector should give the usual security in the penalty of $100,000.

Ordered accordingly.