IN THE

# SURROGATES' COURTS

OF THE

## STATE OF NEW YORK.

New York County.—Hon. D. G. ROLLINS, Surro-
gate.—June, 1882.

## CORNWELL v. CORNWELL.[1]

*In the matter of the estate of* CATHARINE WEEKS, *deceased.*

A contest having arisen upon an application for the probate of a will,
which it appeared would necessarily cause delay in granting letters tes-
tamentary, one of the executors named in the will, who was charged
by contestant with unduly influencing decedent in respect to the same,
applied, under Code Civ. Pro., § 2668, for his own appointment as tem-
porary administrator.

*Held,* that such appointment would be improper, and that the application
must be denied.

Howard v. Dougherty, 3 *Redf.,* 535—approved.

PETITION by Jacob Weeks Cornwell, named as executor
in decedent's will, for his appointment as temporary ad-
ministrator of her estate; opposed by Andrew S. Corn-

well, one of decedent's next of kin, contestant. The facts appear sufficiently in the opinion.

VAN WINKLE, CANDLER & JAY, *for petitioner*.

J. M. PETERS *and* WM. FULLERTON, *for A. S. Cornwell*.

THE SURROGATE.—The decedent died on the 7th of April last, and on the 24th of that month an instrument purporting to be her will was propounded for probate. A contest has arisen which is likely to cause delay in granting letters, and which, therefore, makes advisable the appointment of a temporary administrator under § 2668. Mr. Jacob W. Cornwell, who is named in the alleged will as one of the executors, petitions for his own appointment as temporary administrator. This application is opposed by the contestant, who charges him with unduly influencing the decedent in the making of the will. Under such circumstances I have several times held, in accordance with the suggestion in Howard v. Dougherty (*3 Redf., 535*), that ordinarily the person named as executor ought not to be appointed temporary administrator. There are exceptions to this rule of exclusion, but the case at bar comes within the rule.

I am the more disposed to this view, because of the fact that no objection is urged by the moving party to the selection of Mr. George W. Weeks, who is named in the will as Mr. Cornwell's co-executor, and whose appointment would be satisfactory to the contestant. An order appointing Mr. Weeks as temporary administrator may, therefore, be presented for settlement.