### HARRISON et al. v. TOTTEN.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

TRUSTS—TRIAL—DISMISSAL—BANK PASS BOOKS—TRUST DEPOSITS.

> Where plaintiff sued a temporary administrator for possession of savings bank pass books, which represented moneys deposited by the deceased "in trust for" plaintiff, as shown by the face of the books, and there was additional proof that the deceased, who was plaintiff's grandaunt, frequently expressed the intention to deposit money in bank for plaintiff, plaintiff made out a prima facie case, and it was error to dismiss the case on its merits, in the absence of countervailing evidence.

Appeal from trial term, New York county.

Action by Rosalind Harrison and another against William H. B. Totten. From a judgment dismissing the complaint (62 N. Y. Supp. 754), plaintiffs appeal. Reversed.

Argued before VAN BRUNT. P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

C. G. Patterson, for appellants.
Gratz Nathan, for respondent.

O'BRIEN, J. The action was brought by Rosalind Harrison, an infant, through her guardian, to recover possession of certain savings bank pass books. The moneys represented by the pass books were deposited by one Serena D. Turrell, who was the grandaunt of the plaintiff, and who died without leaving husband or children. It appears that in 1896, 1897, and 1898 she opened accounts and made deposits of money in several different savings banks, and received the pass books here in question, in all of which except one there was expressed upon the face of the pass book that the deposit was "in trust for Rosalind Harrison." The exception was one in which the statement appeared on the pass book that the deposit was in favor of "Serena D. Turrell, in trust for Florence Harrison." In support of the allegation in the complaint that the latter was intended for the plaintiff, evidence was introduced tending to show that Mrs. Turrell in her lifetime was in the habit at times of calling the plaintiff "Florence," and that there was no person of that name, other than the plaintiff, whom she could have meant to designate by the name Florence Harrison. In addition, there was evidence that Serena D. Turrell in her lifetime frequently expressed her intention to deposit moneys in bank for the plaintiff, and though she always retained the pass books in her own possession, and they were found with her effects at her decease, the accounts and deposits themselves were left undisturbed, both as to principal and interest, and in the same form in which they were originally made. The only evidence on the part of the defendant was the presentation of other pass books showing deposits by Mrs. Turrell in her own name in other banks, and the fact that all the bank books, including those here in question, were found among the effects of the deceased after her death. In this condition of the record, the learned trial judge, on motion of the defendant, dismissed the complaint on the merits, holding—First, that the name of Florence Harrison, used in making one of the deposits, was not intended to represent Rosalind Harrison, the plaintiff; and, second, "that under the adjudicated cases no irrevocable trust was created in favor of the plaintiff in the other accounts in which her name was used." In support of this latter conclusion, the learned trial judge quotes with approval from the case of Lee v. Kennedy, 25 Misc. Rep. 140, 54 N. Y. Supp. 155, as follows:

"It is well established by a long line of decisions that the use by a depositor, in describing an account opened by him, of his own name, followed by the words 'for' or 'in trust for' another, whom he names, does not, of itself alone, create an irrevocable trust in favor of the latter, or support a claim that the beneficial interest in the deposit passed to the nominal beneficiary."

Without determining how far this may be a correct statement of an abstract proposition, there was in this case, in addition to the form of entry in the pass book, some evidence which seems to us, under two recent decisions in the Second department (Decker v. Institution, 15 App. Div. 553, 44 N. Y. Supp. 521; Williams v. Bank [Sup.] 64 N. Y. Supp. 1021), to be controlling in support of the view that the

plaintiff had made out a prima facie case, entitling her to judgment, unless it was met and overcome by evidence destroying its force and effect. Thus, we have the other facts appearing of the relation of the plaintiff to the deceased, and the oft-expressed statement that the deceased had made, or intended to make, deposits for the plaintiff's benefit. The case last cited (Williams v. Bank) collates and discusses many, if not all, of the more important of the so-called "Savings Bank Cases," and, being the latest expression of an appellate court, not in conflict with any decisions in the court of appeals or in this department, should be followed. There the deposit in form was for "William Williams, trustee for Owen Williams"; and, in commenting on the probative force of a deposit in that form, the court says:

"If the plaintiff had read in evidence this declaration of a deposit, the law would thereupon have raised the presumption that there was a plain declaration of trust for him, and, if no other evidence had been adduced for or against the plaintiff, he would have made out a prima facie case."

The procedure followed by the learned trial judge was in direct conflict with this rule of law; for, without requiring the defendant in any way to meet or overcome the prima facie case which the plaintiff had made out, he dismissed the complaint upon the merits, and for the error thus committed the judgment should be reversed, and a new trial ordered.

We have not overlooked the other question urged upon our attention to support the judgment, namely, that the action is not maintainable against the defendant as temporary administrator; but we do not think, in view of the course that the trial took, wherein that question was neither considered nor determined, that we should take advantage of this point to support a judgment which was entered upon a wrong theory. Were we, however, obliged to decide that question, our inclination would be to favor the view contended for by the plaintiff, that she can maintain an action against the temporary administrator to recover property which she alleges belongs to her, and which is wrongfully withheld by him, and that such an action in no way conflicts with the provisions of section 2672 of the Code of Civil Procedure, which, by allowing an action to be maintained "by leave of the surrogate upon a debt of the decedent," impliedly negatives the right to maintain such an action for any other purpose. However, it will be time enough to dispose of that question when it is properly before us, our conclusion being upon the question presented on this appeal, as to whether the plaintiff made out a prima facie case in support of her title to the pass books, that the court below took an erroneous view; and for that reason, as stated, the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.