(33 Misc. Rep. 708.)

MILLER v. SEAMAN'S BANK FOR SAVINGS et al.   SAME v. EAST RIVER SAV. INST. et al.   SAME v. BOWERY SAV. BANK et al.   SAME v. IRVING SAV. INST. et al.   SAME v. SOUTH BROOKLYN SAV. INST. et al.

(Supreme Court, Special Term, New York County. January, 1901.)

BANK DEPOSIT IN TRUST—PRIMA FACIE EVIDENCE—RIGHT OF BENEFICIARY.
    M. M. deposited money in certain banks in the form, "M. M. in trust for W. M." M. M. had no sisters, and W. M. was her only brother, and at her death she had 13 other deposits in her individual name, which were duly distributed among her heirs; and there was no explanation as to why the deposits in question were made in the form of a trust. Held, that W. M. was entitled to the trust deposits, as the form in which they were made was prima facie evidence of a trust in his favor, and the fact that he was the only surviving brother of the deceased furnished a sufficient motive for making him her beneficiary.

Actions by William R. Miller against the Seaman's Bank for Savings and others, and against the East River Savings Institution and others, and against the Bowery Savings Bank and others, and against the Irving Savings Institution and others, and against the South Brooklyn Savings Institution and others. Judgment in each case for plaintiff.

James B. Lockwood, for plaintiff.
Byram L. Winters, for defendant Wood.
James P. Gubbins, for defendant Mittenmaier, committee, etc.

LAWRENCE, J. These are actions brought to determine the title to five savings-bank deposits made by Mary S. Miller in trust for William R. Miller. Mary S. Miller died April 1, 1899, leaving the plaintiff, her only surviving brother, and ten nephews, nieces, grandnephews, and grandnieces, her only next of kin. Arthur E. Wood, one of these nephews, contests the claim of the plaintiff to the deposits in question. An answer has also been interposed by the defendant Louis Mittenmaier, as committee of the person and estate of the defendant Ann Amelia Miller, an incompetent, who is the daughter of a deceased brother of the decedent. Mary S. Miller died intestate, and it is alleged in the complaint that on the 18th day of

April, 1899, letters of administration were duly granted by the surrogate of the county of New York to the plaintiff upon her goods, chattels, and credits; that the plaintiff duly qualified as such administrator by giving a bond in the amount fixed by the surrogate, and the defendant the Lawyers' Surety Company duly executed said administrator's bond as surety; that the said plaintiff duly proceeded with the administration of said estate, and thereafter, on the 29th day of December, 1899, duly filed his final account as such administrator, and that citations were duly issued thereon to all persons interested in the estate of the said Mary S. Miller to attend upon the accounting of said administrator on January 19, 1900; that such citations were duly served upon all of the said parties; that no objections were filed to said account, and that such proceedings were thereafter had that on the 5th day of February, 1900, a final decree was entered in said proceeding which provided for the distribution of the estate of the said Mary S. Miller, deceased, which decree has in all respects been complied with by the plaintiff, and said decree has not been appealed from. It is further alleged that the said Mary S. Miller, intending thereby to create a trust for the benefit of the plaintiff, opened accounts with each of the defendant banks in manner following, namely: "Mary S. Miller in trust for William R. Miller." And it is alleged that the said Mary S. Miller did thereby create a trust in favor of the plaintiff in respect to the moneys deposited to the credit of said account, and he thereupon became entitled to receive the same, with interest, and that the said moneys were not included in the inventory filed by the plaintiff as said administrator, nor were they accounted for by him as part of the estate of said Mary S. Miller, nor were they in fact a part of said estate. The amount remaining on deposit in each bank is also stated in the complaint, and the relief demanded is that the deposit in each case be declared to be a trust for the benefit of the plaintiff, and that the defendant and next of kin and heirs at law of said Mary S. Miller be adjudged to have no interest therein; that the said moneys, with the interest thereon, be paid to the plaintiff. The allegations of the complaint as to the creation of a trust in favor of the plaintiff by the said Mary S. Miller are denied by the defendant Arthur E. Wood and by the defendant Louis Mittenmaier, as committee aforesaid. It is further denied that she ever did create a trust in favor of said plaintiff, or that he has any right to receive the moneys now deposited in each of said banks; and it is denied that there was any trust created or intended to be created for the plaintiff, as alleged in the complaint. None of the other next of kin have filed answers to the complaint, and the defendants the Irving Savings Institution, the South Brooklyn Savings Institution, the Bowery Savings Bank, and the East River Savings Institution deny, in substance, a knowledge sufficient to form a belief whether the said Mary S. Miller, in making each of the deposits, intended thereby to create a trust in favor of the plaintiff for the benefit of the plaintiff. No answer appears to have been served by the Seamen's Savings Bank.

The leading case upon this subject in this state is Martin v. Funk, 75 N. Y. 134, in which case it was held that, to constitute a valid gift, the transfer must be consummated, and not remain incomplete or rest

in mere intention, and that this is so whether the gift is by delivery only, or by a creation of a trust in a third person or in a donor. Enough must be done to pass the title, but where the trust is declared, whether in the third person or in the donor, it is not essential that the property should be actually possessed by the cestui que trust, or that the latter should be informed of the trust. In Williams v. Bank, 51 App. Div. 332, 64 N. Y. Supp. 1021, it was held that the retention of the book by the creator of the trust, and his failure to notify his beneficiary of the deposit, and withdrawal of a portion of the deposit within a year after making it, are not sufficient to establish a contrary intention on his part. In Mabie v. Bailey, 95 N. Y. 206, where the accounts are similar to the one before me in these cases, Justice Andrews, in commenting upon the case of Martin v. Funk, stated that it decided that a deposit made in the form of a deposit in this case constituted a trust, and, unexplained, operated to transfer the beneficial interest in the deposit to the beneficiary named, subject to the conditions of the trust, to be implied from the circumstances. In that case it was further held that no legitimate evidence had been given to rebut the prima facie inference from the deposit. In Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, in the opinion it is stated that:

"The doctrine laid down by this court in previous cases amounts to this: that the act of a depositor in retaining possession of the bank book and failing to notify the beneficiary creates a trust, if the depositor dies before the beneficiary, leaving the trust account open and unexplained."

See, also, to the same effect, Decker v. Savings Inst., 15 App. Div. 553, 44 N. Y. Supp. 521; Hyde v. Kitchen, 69 Hun, 280, 23 N. Y. Supp. 573; Williams v. Bank, supra; and Harrison v. Totten, 53 App. Div. 178, 65 N. Y. Supp. 725.

I do not find, upon the evidence in this case, that there is anything to rebut the prima facie case made out in favor of the plaintiff by the form in which each of the accounts was opened, nor that there are any surrounding circumstances which would show that the testator intended that any other relation in respect to such deposit should exist between her and her brother than that of trustee and beneficiary. It is suggested that, as the intestate had deposits to her individual account in some of the banks which are defendants in this action, the opening of the trust accounts was to enable her to evade the rules as to the amount upon which each individual depositor can draw interest. There is nothing before me to show that the accounts in controversy here were opened by the intestate for the purpose of enabling her to obtain interest upon a greater sum of money than she was allowed individually, under the rules of the banks, to deposit, and such a motive should not be attributed to her on mere suspicion. Furthermore, so far as the surrounding circumstances go to explain the motive and intent of the decedent in opening the trust account, I think it may well be contended that she intended to make a distinction between the plaintiff, as her only surviving brother, and her nieces and nephews and grandnieces and grandnephews. The plaintiff would be much more likely to be the object of her bounty than those who were related to her in a remoter degree. The evidence before me shows that there

were 13 other accounts in savings banks kept by the decedent in her own name, and those accounts were included in the inventory in the proceedings in the surrogate's court, and the sums due thereunder have been distributed under a decree of the surrogate.

For these reasons, I am of the opinion that the plaintiff is entitled to judgment as prayed for in his complaint, with costs of this action. The question as to the allowance of costs to such of the defendant banks as have answered will be reserved until the settlement of the judgment to be entered hereon. Draw decision and judgment according to these views, and settle on three days' notice.

Judgment for plaintiff, with costs.