In the Matter of the Accounting of CHARLES W. HALLENBECK, as Administrator de Bonis Non of PETER A. HALLENBECK, Deceased, Respondent.

SARAH E. BRUCE, as Administratrix of the Estate of MARGARET L. HALLENBECK, Deceased, Appellant.

**Executors and administrators — exemption for widow — when articles of which decedent was part owner may be set aside for widow.**

When a decedent is not the absolute owner of personal property enough to enable the appraisers to set apart for the widow all that she is entitled to under the statute (Code Civ. Pro. § 2713), they may set apart for her use the decedent's interest in articles of which he was part owner. *Baucus* v. *Stover*, 24 Hun, 114, overruled.

*Matter of Hallenbeck*, 119 App. Div. 757, modified.

(Submitted March 16, 1909; decided March 30, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 3, 1907, which affirmed a decree of the Columbia County Surrogate's Court settling the accounts of the administrator herein.

The facts, so far as material, are stated in the opinion.

*G. K. Daly* for appellant. One-half interest in articles mentioned in section 2713, Code of Civil Procedure, were properly set off to the widow of Peter A. Hallenbeck, deceased, and were thereafter improperly allowed as assets of the estate of Peter A. Hallenbeck, deceased. (*Crawford* v. *Nassoy*, 173 N. Y. 163; *Matter of Lucy*, 4 Misc. Rep. 351; *Tinney* v. *Stebens*, 28 Barb. 290; *Tripp* v. *Reilly*, 15 Barb. 334; *Andrew* v. *Betts*, 8 Hun, 325; *Shehan* v. *Mahar*, 17 Hun, 130; *Prentice* v. *Janson*, 7 Hun, 86; *Smith* v. *Smith*, 10 Paige, 470; *Wilcox* v. *Hawley*, 31 N. Y. 648; *Kapp* v. *Public Administrator*, 2 Bradf. 259.)

*L. Royce Tilden* for respondent. An undivided interest in chattels cannot be set off to the widow of the owner

thereof.  (*Baucus* v. *Stover*, 24 Hun, 109 ; *Matter of Libolt*, 102 App. Div. 31 ; *Matter of Keough*, 42 Misc. Rep. 401 ; *Matter of Sprague*, 41 Misc. Rep. 609 ; *Matter of Campbell*, 48 Misc. Rep. 279 ; *Matter of Griffith*, 49 Misc. Rep. 409.)

Werner, J.  Upon the accounting which resulted in the decree made by the surrogate and unanimously affirmed at the Appellate Division a number of questions were raised.  These, with a single exception, were correctly decided.  The exception alluded to lies in the disposition of certain articles of personal property which the appraisers appointed by the surrogate had set apart for the use of the widow of the intestate under section 2713 of the Code of Civil Procedure.  The surrogate held that these articles were improperly set apart as exempt, and that they should have been included in the inventory as salable assets.  The items in controversy are of extremely small value, and the matter is worthy of notice only because it involves a principle of importance in the settlement of decedents' estates.

It appears that the personal effects of the intestate consisted in part of a one-half interest in a kitchen range, in a parlor stove and pipe, in eight dining-room chairs, in a dining-room table, in two pairs of blankets and in a goat-skin robe, the value of which articles was $33.50.  These were set apart to the widow as being exempt under section 2713 of the Code of Civil Procedure.  It was conceded that they belonged in the category of personal effects which are ordinarily exempt under the statute referred to, but it was held by the surrogate and the Appellate Division that the usual rule did not apply because the intestate was not the sole owner of the chattels enumerated, and had only an undivided one-half interest therein.  This conclusion was apparently based upon the dictum of Bockes, J., in *Baucus* v. *Stover* (24 Hun, 114), where the appraisers set apart for the widow the value of ten sheep and two swine, in which the testator owned a one-half interest.  There the court thought that since the testator's ownership of the chattels was not sole, there could be no such

actual setting apart and delivery of the property as the statute contemplates, and thus the statute could have no application. We differ from what we regard as an extremely narrow construction of the statute. A dispute could hardly arise in a case where the intestate is the absolute owner of personal property enough to enable the appraisers to set apart for the widow all that she is entitled to under the statute. In such a case the widow could, of course, insist upon property in which she would not need to divide the ownership and possession with another. But when the decedent has not the absolute ownership of enough personal property to satisfy the statute, there seems to be no good reason why the appraisers should not obey its commands so far as they can. And this should certainly be the rule when, as in the case at bar, the widow is satisfied with the action of the appraisers.

For these reasons we think the decree of the surrogate and order of affirmance made by the Appellate Division should be modified by deducting from the list of salable assets chargeable to the administrator the value of the articles set apart by the appraisers for the use of the widow, and as thus modified the decree and order are affirmed, without costs in this court to either party.

Cullen, Ch. J., Haight, Vann, Willard Bartlett, Hiscock and Chase, JJ., concur.

Ordered accordingly.