(158 App. Div. 568.)

## In re SWAN et al.

### Appeal of BURDEN et al.

(Supreme Court, Appellate Division, First Department.   November 7, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 122*) — TEMPORARY ADMINISTRATOR — CONTROL BY COURT.

Under Code Civ. Proc. § 2678, requiring temporary administrators within 10 days after receiving any money belonging to the estate to deposit it with a depositary designated by the surrogate, section 2679, providing that if he neglects to do so the surrogate must, upon the application of a creditor or person interested, direct him to deposit the money or show cause why an attachment should not issue against him, and section 2680, providing that money deposited by a temporary administrator cannot be withdrawn except upon an order of the surrogate, a certified copy of which must be presented to the depositary, a temporary administrator is a mere custodian of the funds held by him, and holds them solely and exclusively subject to the orders of the surrogate, and is not bound to pay claims against the estate, nor can he legally do so unless authorized by the surrogate, and hence an order of the Supreme Court requiring a temporary administrator to pay a debt due from the estate was made without jurisdiction and was void, especially as the temporary administrator could not comply therewith, since no depositary would pay the money, even though he should order it, without an order from the surrogate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 494–495½; Dec. Dig. § 122.*]

2. COSTS (§ 58*)—POWER TO ALLOW.

In a proceeding by attorneys to compel payment of a claim for services rendered and disbursements made to the committee of an incompetent person, which incompetent died pending the proceeding, the Supreme Court had power to allow costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 28, 29; Dec. Dig. § 58.*]

Appeal from Special Term, New York County.

Proceeding by Joseph R. Swan and others, attorneys at law, to compel payment of a claim for services and disbursements against the com-

mittee of Augusta Hyatt, an incompetent person, pending which proceeding the incompetent died. From so much of an order confirming the Referee's report and ordering I. Townsend Burden, Jr., as temporary administrator of the incompetent, to pay the sum adjudged to be due, together with the costs, as directed such payment, the temporary administrator appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Le Roy D. Ball, of New York City, for appellants.
John Ewen, of New York City, for respondents.

McLAUGHLIN, J. The respondents, attorneys at law, had a claim for services rendered and disbursements made to the committee of the property of Augusta Hyatt, an incompetent person, and this proceeding was instituted to compel payment thereof. During the pendency of the proceeding the incompetent died, and thereafter one of the appellants, I. Townsend Burden, Jr., was appointed temporary administrator of her estate. The matter was sent to a referee, who reported that the respondents were entitled to recover the sum of $3,566.47. His report was subsequently confirmed by an order of the Supreme Court, and the temporary administrator was directed to pay said sum, together with the costs of the proceeding, to be taxed, including the fees of the referee and stenographer. The appeal is from that part of the order which directs the temporary administrator to pay. By stipulation the sole question sought to be raised by the appeal is:

· "Whether the Supreme Court has power or jurisdiction to direct the temporary administrator of the deceased incompetent's estate to pay the amount awarded by the referee in his report, and to grant the petitioner's costs in this proceeding."

[1] The temporary administrator was appointed by an order of the surrogate, and his right to make such appointment is unquestioned. He is subject to the control of the surrogate with reference to all matters connected with the estate he represents. Upon his appointment he takes into his custody and under his control all the assets. This, however, is merely to preserve the same until an executor or administrator, as the case may be, is appointed, when his duties will cease and he must then turn over to such person whatever may have come into his hands. The statute requires him, within ten days after any money belonging to the estate comes into his hands, to deposit it with a depositary designated by the surrogate (Code of Civil Procedure, § 2678); if he fails or neglects to make such deposit within the time stated, then the surrogate *must,* upon the application of a creditor or person interested in the estate, make an order directing him to do so forthwith, or show cause why a warrant of attachment should not issue against him (Id. § 2679); when he makes the deposit he cannot thereafter withdraw it except upon the order of the surrogate, a certified copy of which must be presented to the depositary (Id., § 2680); and if the depositary should pay out the money thus deposited without an order directing the payment to be

made, it, as well as the temporary administrator, would become personally liable. He is not bound to pay claims against the estate represented by him, nor can he legally do so unless authorized by the surrogate. Since as to the funds held by him he is a mere custodian, and as to the disposition of the same solely and exclusively subject to the orders of the surrogate, he cannot comply with that part of the order appealed from, and, if he did, it would be in violation of the statute and subject him to personal liability. No depositary would pay out the money, even though he should order it, in the absence of an order of the surrogate.

The provisions of the statute safeguarding the funds held by a temporary administrator are clear and specific. The Supreme Court has no power to override such statutes, and, if it attempts to do so, it acts without jurisdiction. The attorneys for the respondents seem to recognize this fact, because in the brief presented it is suggested that, when the order appealed from was made, it thereupon became the duty of the temporary administrator to apply to the surrogate under section 2680 of the Code of Civil Procedure for an order authorizing the withdrawal of the amount directed to be paid; and, if the surrogate refused to make such an order, then the temporary administrator should apply for a mandamus to compel him to do so. Obviously, the enforcement of a valid order of the Supreme Court does not depend upon any such contingency. Once made it must be obeyed, otherwise the party directed to pay is liable to be punished for contempt. The law is not so unreasonable as to punish one for contempt for not doing an act which it makes impossible.

[2] As to the allowance of costs, the court had the power to make the same, and under the circumstances I see no reason to interfere with it.

My conclusion is that the court was without jurisdiction to direct the payments, and to that extent the order appealed from is modified by striking out such provisions, and, as thus modified, affirmed, with $10 costs and disbursements to the appellants. All concur.