estate, is entitled to compensation. (Moulton v. Smith, 16 R. I. 126; Reed's Estate, 4 Phila. [Pa.] 375.)

Where income on trust fund is to be disbursed to the use and benefit of a person for life, the representative is entitled to commissions upon such income. (Foote v. Bruggerhof, 66 Hun, 406.)

No commissions on sums surcharged for neglect or misconduct. (Gilson's Estate, 18 Kkly. Notes [Pa.] 570.)

Where an executor under a will has been awarded excessive commissions and allowances on each of his annual accountings, and has rendered his final account and been discharged, he is not guilty of " constructive fraud," and a suit in equity to recover such excessive allowances brought after ten years have elapsed, is barred by the statute of limitations. (Matter of Spaecholz v. Sheldon, 11 Mills Surr. 453.)

---

In the Matter of the Application for Letters of Temporary Administration on the Goods, Chattels and Credits of MARIE HILL, Deceased.

EQUITABLE TRUST COMPANY OF NEW YORK, as Committee of the Estate of ALPHONSE J. STEPHANI, a Life Convict, Appellant; THOMAS M. HEALY, as Temporary Administrator, etc., of MARIE HILL, Deceased, Respondent.

(*Supreme Court, Appellate Division, First Department, Feb.* 19, 1915.)

EXECUTORS AND ADMINISTRATORS—REMOVAL OF ADMINISTRATOR—REFUSAL TO PROSECUTE ACTION—WHEN NO VIOLATION OF ORDER OF SURROGATE— PRACTICE—JOINDER OF PROCEEDING TO APPOINT ADMINISTRATOR WITH PROCEEDINGS FOR REMOVAL.

A temporary administratrix should not be removed from office on the ground that she has wilfully refused or neglected without good cause to obey a lawful direction of the surrogate contained in an order or decree, or to obey a provision of the law relating to the discharge of a duty, contrary to subdivision 3 of section 2569 of the Code of Civil Procedure, where it appears that she did not disobey any order or decree of the surrogate, but merely refused to prosecute, as administratrix, an appeal in an action in which her intestate had been defeated, where it is shown

that although the intestate had creditors she left a considerable estate in a foreign country of which an executor has been duly appointed.

It is irregular to engraft upon a proceeding to appoint an administrator an entirely separate proceeding to remove her.

APPEAL by Equitable Trust Company of New York, as committee, etc., from an order of the Surrogate's Court of the county of New York, bearing date the 17th day of December, 1914, removing Maria J. M. Lawrence as temporary administratrix, etc., of Marie Hill, deceased, and also from an order bearing date the 15th day of January, 1915, resettling and amending the prior order *nunc pro tunc.*

Carl A. Hansmann of counsel (Rounds, Schurman & Dwight, attorneys), for the appellant.

Isham Henderson of counsel (Moses, Morris & Henderson, attorneys), for the respondent.

CLARKE, J.— In 1913 Mrs. Marie Hill, a childless widow, residing in Dresden, Germany, commenced an action against the Guaranty Trust Company and J. Lynch Pendergast, as trustees under the last will and testament of Josephine Stephani, deceased, Alphonse J. Stephani and the Equitable Trust Company of New York, as committee of the estate of Alphonse J. Stephani, to construe the will of Josephine Stephani and to have declared unlawful a certain accumulation of income thereunder in the hands of said trustees arising under the trust created by said will, of which trust Alphonse J. Stephani was the beneficiary for life with remainder " to my said sister Marie Hill absolutely and forever, or in case she be then dead, to her children, share and share alike," upon the theory that said accumulation was unlawful, and was, under the statute, the property of Marie Hill, as the person presumptively entitled to the next eventual estate.

That action was tried at Special Term, and resulted in a judgment in favor of the plaintiff. An appeal was taken by the Equitable Trust Company, as committee of the estate of Alphonse J. Stephani, a life convict, and as his guardian *ad litem*. This court unanimously reversed the judgment, and directed the complaint to be dismissed. (Hill v. Guaranty Trust Co., 163 App. Div. 374.) Judgment of reversal was entered August 19, 1914.

Mrs. Hill died in Dresden on August 23, 1914. Without knowledge of her death her attorneys filed notice of appeal to the Court of Appeals on September 3, 1914. On October 14, 1914, Mrs. Hill's former attorneys in said action, alleging that they were persons interested in her estate, and were creditors thereof by reason of certain disbursements made by them as her attorneys in said action, filed a petition in the Surrogate's Court for the appointment of a temporary administrator of her goods, chattels and credits, and for the issuance of citation to the next of kin, including the Equitable Trust Company, as committee of the estate of Alphonse J. Stephani. The petition set forth that the only property of any kind left by deceased within the State of New York was the said cause of action pending in the Supreme Court. On November 19, 1914, an order was made granting temporary administration to Mrs. Maria J. M. Lawrence, a niece of Mrs. Hill. Mrs. Lawrence, her sister, Mrs. Sophie E. M. Leith, and the life convict, Alphonse J. Stephani, are the sole next of kin of Mrs. Hill. The order of the surrogate provided that the letters of temporary administration should be limited to the prosecution of said cause of action. Mrs. Lawrence subsequently declined to verify papers presented by the former attorneys of Mrs. Hill necessary to procure her substitution as party plaintiff in said suit in the Supreme Court, and declined, after consultation with her sister, to authorize the taking of an appeal to the Court of Appeals therein because " she considers the claim that was

set up on behalf of Marie Hill in said suit, to the accumulated income of the trust created for the benefit of Alphonse J. Stephani, as most unjust and contrary to the wishes and intentions of the testatrix, Josephine Stephani, and that deponent's sister, Mrs. Sophie E. M. Leith, agrees with her, that they both feel that the institution of said suit was a grave mistake and a wrong against Alphonse J. Stephani, and they are opposed to the further prosecution thereof, and that they, together with said Alphonse J. Stephani, are the sole next of kin of said Marie Hill, deceased." She also says that Mrs. Hill left a last will and testament of which Heinrich Jucho, a notary public of No. 12 Neue Mainzer Strasse, Frankfort a/M., Germany, is the executor, and that further prosecution of said suit is not necessary for the protection of creditors of the estate of Mrs. Hill, as she left an ample estate in Germany, valued at from $50,000 to $100,000.

The petitioners thereupon, in the same proceedings in the Surrogate's Court in which Mrs. Lawrence had been appointed temporary administratrix, made a motion for an order to show cause why she should not be removed. Said motion was granted. She was removed, and Thomas M. Healy was appointed as such temporary administrator, his powers being also limited to the prosecution of the appeal from the judgment referred to.

From this order the Equitable Trust Company, as committee of the estate of Alphonse J. Stephani, appeals.

Section 2569 of the Code of Civil Procedure * provides grounds upon which an administrator may be removed. The only ground therein provided which by any possibility would apply is subdivision 3, " Where he has wilfully refused, or, without good cause, neglected, to obey any lawful direction of

---

* See Laws of 1914, chap. 443.—[REP.

the surrogate contained in a decree or order, or any provision of law relating to the discharge of his duty."

Mrs. Lawrence did not disobey any direction of the surrogate contained in the decree or order because none such was made, nor has it been found as a fact that she has wilfully or without good cause refused or neglected to be substituted as plaintiff in the action in the Supreme Court, and to take an appeal to the Court of Appeals if it is to be inferred that she was appointed administratrix for that purpose. On the contrary, she has shown that Mrs. Hill died testate, leaving a considerable estate and a duly appointed executor, and that all of the next of kin are satisfied with the decision of the Appellate Division and do not desire an appeal to the Court of Appeals. I do not understand that it is the duty of an administrator to exhaust all possible remedies and to take all possible appeals, nor do I understand that counsel may be forced upon an administrator, but that he has some discretion in the exercise of his duties.

We think it was irregular to engraft upon a proceeding to appoint an administrator an entirely separate proceeding to remove her, and that the order appealed from should be reversed, with ten dollars costs to the appellant.

INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN and SCOTT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements to appellant. Order to be settled on notice.