Matter of the Estate of ROBERT G. HANFORD, Deceased.

(Surrogate's Court, New York County, December, 1920.)

Executors and administrators — Surrogates' Courts — jurisdiction
— contested probate proceedings in a sister state — when
letters of temporary administration will be issued — Code Civ.
Pro. §§ 2515, 2596.

   Where a contested probate proceeding is pending in a sister
   state and no ancillary or original proceeding is pending in this
   state where the decedent left assets of great value, the Surro-
   gate's Court under sections 2515 and 2596 of the Code of Civil
   Procedure may in the exercise of its discretion grant letters
   of temporary administration, not only for the general welfare
   of the estate but also as a protection of the rights of the
   New York creditors against the estate.

APPLICATION for the appointment of a temporary
administrator.

Baldwin & Hutchins (George C. Lay, of counsel), for
petitioner.

Greene & Hurd (George F. Hurd, of counsel), for
Independent Order of Foresters.

Platt & Field (Eli J. Blair, of counsel), for widow
and executors named in will.

FOLEY, S.   The question herein involved is whether
this court has jurisdiction to appoint a temporary
administrator of assets within the county of New York
where a contested probate proceeding is pending in a
foreign state and no ancillary or original proceeding is
pending here.   The will of decedent filed in California
is contested, and delay will necessarily occur in the
grant of letters.   The Independent Order of Foresters,
a creditor, applies to intervene in the proceedings and

asks for the same relief. That organization is plaintiff in an action brought in the Supreme Court, New York county, against decedent and the Union Water Development Company, a California corporation. The action is brought to foreclose a lien in favor of plaintiff on certain securities pledged with it by the decedent for a loan of $41,000. These bonds, with other assets, including two bank accounts, are now located in the county of New York. Some of the pledged securities are of no value. The bonds of the Union Water Development Company are secured by a collateral trust agreement of that company under which are pledged certain bonds of a subsidiary corporation. It appears that a corporation engaged in a similar service has contracted to purchase the property upon which said bonds are a lien at a value to be fixed by the railroad commission of the state of California. This valuation has been fixed at a sum sufficient to pay the face of the bonds, with accrued interest. While it is not certain, it is at least likely, that the contract will become operative in a short time, if not immediately, and delivery of the bonds may be required. The estate of decedent is alleged to be insolvent and cannot respond to the obligations represented in the action brought in the Supreme Court of this county. It is further stated that unless a temporary administrator is appointed opportunity to liquidate the pledged bonds will be lost, the creditor will be unable to realize thereon, and the estate of decedent further depleted to that extent.

I am of the opinion that this court may exercise its discretion and grant letters of temporary administration under these circumstances. Section 2596 of the Code of Civil Procedure provides that the surrogate may appoint a temporary administrator " When *for any cause* delay necessarily occurs," etc. That delay has occurred is uncontrovertible. That this delay may

jeopardize the large assets of the estate within this county, so that those ultimately entitled thereto may suffer loss, is, I think, sufficient reason for the granting of this application. Temporary administrators are the receivers of this court and are appointed to collect and conserve the assets of an estate. Indirectly in this instance the rights of New York creditors against an estate in the course of litigation over the probate of a will in a foreign state are affected. These interests, as well as the general welfare of the estate, should be protected. Cases even stronger than the present case might arise where the assets to be conserved were perishable or where the property was a going concern. The statute contains no language limiting the surrogate in the appointment of temporary administrators to cases where the probate proceeding is pending in the county where application is made. Section 2596 of the Code of Civil Procedure, in the present form, is an amendment of former section 2670 of the Code of Civil Procedure. Respecting the history of this statute, it is sufficient to say that prior to the amendment of 1901 (Laws of 1901, chap. 20) the surrogate had not the power to grant letters of temporary administration unless an application for letters of administration in chief or for the probate of a will was pending. *Saw Mill Company* v. *Dock,* 3 Dem. 55; *Tooker* v. *Bell,* 1 id. 52. Following the amendment of 1901 it was held in *Matter of Chittenden,* 76 Misc. Rep. 92, that the surrogate had jurisdiction to grant letters of temporary administration where no application for letters of administration or the probate of a will was pending. Present section 2596 of the Code of Civil Procedure (Laws of 1914, chap. 443), specifically provides for the appointment of a temporary administrator where there is no proceeding pending before the surrogate. Further recognition of

this power is found in the recent opinion of Judge Pound in *Matter of Shonts,* 229 N. Y. 374, 378, where he says: " It is urged that the order is intermediate the probate of a will or the granting of letters of administration. But proceedings for the appointment of temporary administrators are independent special proceedings *when no proceeding for probate or administration is pending* and they are finally determined by the order appointing such administrators. The order is, therefore, appealable. (*Matter of Hill,* 215 N. Y. 694; *Matter of Leland,* 219 N. Y. 387.)" Italics are mine. *Matter of Hill,* cited by Judge Pound, was a memorandum affirmance of 166 App. Div. 303. The reading of that opinion and the records of this court disclose that this court appointed a temporary administrator upon the petition of a creditor of the estate of a non-resident who died in Germany. There was personal property within the county. The application was opposed by the committee of one of the next of kin. In that case there was no proceeding pending before the court. An executor under her will was appointed in Germany. The Appellate Division reversed an order of the surrogate removing the temporary administrator, but the propriety of her appointment does not seem to have been questioned by any of the parties or by the court. Finally, the power of this court to grant this relief appears even clearer when the provisions of section 2515 of the Code of Civil Procedure, relating to the jurisdiction of the surrogate over the administration of personal property within the county belonging to a non-resident, are considered with section 2596 of the Code of Civil Procedure. By subdivision 6 of section 2768 of the Code of Civil Procedure, the words " letters of administration " used in section 2515 include letters of temporary administration. The executors have chosen to

offer the will for probate in a foreign state. They might have chosen this county for that purpose. Temporary administration in such case would be clearly within our jurisdiction. Jessup-Redfield, 80, 82, 652. The Code sections applicable are therefore broad enough, I hold, to include the present case, where there are assets of great value within this county, and the contested probate proceeding is pending in a foreign state.

Decreed accordingly.