In the Matter of the Estate of PETER ORT, an Absentee.

HENRY K. ORT, as Administrator, etc., of PETER ORT, an Absentee,
Respondent, *v.* LILLIE BLAKE and Others, Appellants.

Third Department, July 2, 1926.

Executors and administrators — temporary administrator of absentee's
estate — surrogate has no power, under Surrogate's Court Act, §§ 40,
130, 131, to order person in possession of real property to surrender it
to temporary administrator.

The Surrogate's Court, which properly granted authority to the temporary
administrator of the estate of an absentee, to take possession of the real property,
to care for it, to receive the rents and income therefrom, and to do whatever
was necessary to preserve the same, did not have the power, under sections
40, 130 and 131 of the Surrogate's Court Act, to make an order directing a
person in possession of a part of the real property to surrender the possession
thereof to the temporary administrator; the temporary administrator should
have proceeded in the usual manner to obtain possession.

APPEAL by the defendants, Lillie Blake and others, from a
decree of the Surrogate's Court of the county of Fulton, entered
in the office of said Surrogate's Court on the 18th day of March,
1922, directing them to turn over to the temporary administrator
of the estate of Peter Ort, an absentee, the possession and control
of certain real estate in the city of Johnstown, N. Y.

*Alfred D. Dennison,* for the appellants.

*Ward & Dunkel* [*Harry F. Dunkel* of counsel], for the respondent.

COCHRANE, P. J. Peter Ort and Eliza P. Ort, his wife, were the
owners as tenants by the entirety of certain real estate in the
city of Johnstown, N. Y. Eliza died January 23, 1919, and her
husband, Peter Ort, thereupon became sole owner in fee of said

premises. At that time he was living and doing business in Los Angeles, Cal. Subsequent thereto he disappeared from that city and diligent search has failed to establish his whereabouts. On March 8; 1922, the surrogate appointed the respondent Henry K. Ort temporary administrator of the estate of said Peter Ort as an absentee. This appointment was proper under section 126 of the Surrogate's Court Act. At the same time the surrogate authorized said Henry K. Ort to take possession of said real property and to care for it and receive the rents and profits thereof and to do whatever was necessary for its preservation or benefit. This authority was properly granted under sections 130 and 131 of the Surrogate's Court Act. Prior to the appointment of the respondent as temporary administrator the appellants had taken possession of the real estate and were in receipt of the rents and profits thereof and they excluded the respondent from the possession of the property. On affidavits showing the foregoing facts the surrogate against the objection of the appellants made an order March 18, 1922, requiring them to turn over the possession and control of the property to the respondent and not to interfere therewith. From this last-mentioned order the appellants appeal.

We do not find in the statute authority for said order. The language of the statute is that the surrogate may confer upon the temporary administrator " authority to take possession of real property * * * and to receive the rents and profits thereof or to do any other act with respect thereto," which may be necessary for the preservation of the · property. (Surrogate's Court Act, §§ 130, 131.) This is merely a grant of power or authority to the administrator. The purpose of the statute is to empower the administrator to protect, care for and preserve property belonging to the estate which otherwise would be without protection and subject to waste. Cases frequently arise where property is idle and exposed to deterioration and there is no one clothed with authority to interfere. Such are the cases within the contemplation of the statute. But there is nothing in the statute which implies the power of the surrogate to summarily order the surrender of the property by a person holding the same in hostility to the owner even though such hostile tenure be without claim of title or shadow of right. The statute rather implies the contrary for it expressly provides that " for either of these purposes [the purposes of the statute], he [the administrator] may maintain or defend any action or special proceeding." (§ 130.) Whatever rights the administrator has as against the appellants he should prosecute in the usual manner. We are referred to no analogous statutory provision relating to an executor or administrator-in-chief and it cannot

be that in preference to them or to their exclusion a temporary administrator is entitled to this drastic and summary remedy. Furthermore, section 127 confers on temporary administrators powers in reference to personalty analogous to those conferred by sections 130 and 131 in reference to realty. But we find in sections 205 and 206 a complete scheme for the purpose of determining the title or right to possession of such personalty as against one cla ming such title or right to possession. Clearly, therefore, section 127 does not in respect to personalty authorize an order similar to that we are now considering and by a parity of reasoning such order is not justified by sections 130 and 131 in respect to realty. Section 40 of the Surrogate's Court Act does not aid the respondent. That section merely amplifies the power of the surrogate in cases where he has jurisdiction.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.