## In the Matter of the Estate of NATHAN LEVINE, Deceased.

Surrogate's Court, Kings County, December 13, 1935.

*George H. Rosen*, for the petitioning widow, Mary Levine.

*Moses & Singer* [*Jacob Neuthaler* of counsel], for the temporary administrator, The Public National Bank and Trust Company.

WINGATE, S. This is an application by the widow of the decedent, made under somewhat unusual circumstances, for the payment to her of the $300 cash exemption allowed her by section 200 of the Surrogate's Court Act. The peculiarity of the proceeding resides chiefly in the time of the making of the application and in the person of the respondent therein.

The decedent died on July 8, 1935, and the probate of his will has been contested and is now pending and undetermined. On September twenty-fourth the present respondent was appointed the temporary administrator of the estate. The assets in his charge consist chiefly of three parcels of real property, a $5,000 mortgage participation, and $2,073.86 in cash.

The applicant is the widow of the decedent, with whom the latter lived in apparent amity up to the time of his death. It is uncontroverted that she is in destitute circumstances and in dire need of funds for living expenses.

Section 200 of the Surrogate's Court Act, in so far as presently pertinent, reads:

" Exemption for benefit of family. If a person having a family die, leaving a widow or husband, or minor child or children the following articles shall not be deemed assets but must be included and stated in the inventory of the estate as property set off to such widow, husband, or minor child or children:  *  *  *

" 4. Money or other personal property not exceeding in value three hundred dollars except, however, that the administrator or other representative of the estate may, where there are insufficient assets in the estate to pay the reasonable funeral expenses of the decedent, apply any such money or other personal property in the estate to pay any deficiency in the payment thereof.

" Such property so set apart shall be the property of the surviving husband or wife, or of the minor child or children if there be no surviving husband or wife."

The purpose of this enactment, which, in substance, dates back to the days of the Revised Statutes, has been frequently stated to be " to provide in all cases a reasonable support for a short time for the widow and children dependent upon a husband and father and left without means of support other than his estate." (*Matter of Williams*, 31 App. Div. 617, 621; *Matter of Benjamin*, 150 Misc. 857, 858.)

Being remedial in nature, it is entitled to receive the liberal construction which has always been accorded to it. (*Matter of Williams*, *supra*, p. 619; *Matter of Benjamin*, *supra*.)

Upon the exact wording of the statute itself the $300 in question is not to " be deemed assets " and is considered to " be the property " of the surviving spouse or minor children.

Whereas, therefore, it may properly be taken into the possession of the estate fiduciary upon his appointment, as a portion of the general property possessed by the decedent at the time of his death, it is no more an asset of the estate than would be an item of which the decedent was merely a gratuitous bailee, with the title and right to immediate possession in another. (*Matter of Hallenbeck*, 195 N. Y. 143, 145; *Crawford* v. *Nassoy*, 173 id. 163, 166; *Sheldon* v. *Bliss*, 8 id. 31, 34; *Matter of Shonts*, 191 App. Div. 427, 432; revd. on other grounds, 229 N. Y. 374; *Matter of Barthel*, 111 Misc. 727; affd., 192 App. Div. 926; *Matter of McNamara*, 138 Misc. 526, 533; *Matter of Shulenburg*, 114 id. 155, 159; *Matter of Leonard*,

113 id. 205, 208; *Foryciarz* v. *Prudential Insurance Company*, 95 id. 306, 309; *Matter of Baldwin*, 67 id. 353; *Matter of Hulse*, 41 id. 307; *Matter of Mack*, 164 N. Y. Supp. 590, 591, not otherwise reported; *Matter of Curley*, 151 Misc. 664, 672; modfd. on other grounds, 245 App. Div. 255; affd., 269 N. Y. 548.)

The only exception to this general statement which could occur would be by reason of the amendment to subdivision 4 of the section, effected by chapter 486 of the Laws of 1932, in a case where the general assets of the decedent, exclusive of the exempt property, were insufficient to defray his reasonable funeral expenses, since in this event, by virtue of the enactment then made, this property, whereas by law belonging to the members of the family of the deceased, would be subject to recall for this purpose only.

This exception, however, need cause no concern in the present proceeding, since in addition to other assets of the deceased, it has been demonstrated that he left cash in a sum exceeding $1,700 over and above the $300 which became the vested property of the widow at the time of the death by virtue of the direct fiat of section 200.

It is inconceivable that any court would determine that a funeral expense was " reasonable " which exceeded the absolute minimum necessary for burial of the remains of the deceased, if it trenched upon this statutory estate of the widow. Whereas, therefore, it may be impossible presently to determine the amount which would be allowable as a " reasonable " funeral expense, it may be stated with confidence that the use of the widow's fund of $300 is not necessary for that purpose. The case, therefore, presents, without controversy, the fact that the respondent fiduciary now has in its hands this asset which belongs solely to the widow.

Were the fiduciary an ordinary administrator or executor, it is unquestionable, not only under the provisions of section 206-a of the Surrogate's Court Act, but also under the law prior to its enactment (*Matter of Enright*, 149 Misc. 353, 354, 355), that the true owner thereof, namely, the widow, would have absolute right to a recovery thereof. (*Matter of Hayes*, 153 Misc. 234, 235.)

The temporary administrator, however, contests the present right of the applicant to relief on the alleged ground that it is only a conservator and that the power of the court to compel it to respond to the prayer for relief is questionable.

This position demonstrates nothing except the erroneous conception which the respondent entertains respecting its functions and duties. It is, of course, primary that " the purpose of the statute " authorizing the appointment of a temporary administrator " is to empower the administrator to protect, care for and

preserve property belonging to the estate which otherwise would be without protection and subject to waste " (*Matter of Ort*, 217 App. Div. 422, 423), and that he " holds the funds intrusted to his hands as a custodian merely " (*Matter of Philp*, 29 Misc. 263, 266), but this is but a partial statement of the nature of the office. " Temporary administrators are the receivers of this court." (FOLEY, S., in *Matter of Hanford*, 113 Misc. 639, 641.) Such an appointee " represents the court as conservator to collect and conserve the assets of an estate. He is named with authority to act under the court's direction." (SLATER, S., in *Matter of Burnham*, 114 Misc. 455, 456.) " The surrogate has the power to impose upon the temporary administrator the duty to defend the estate from the assertion of invalid claims and to direct him to pay debts." (*Matter of Corbin*, 227 App. Div. 87, 89.) (See, also, *Mason* v. *Williams* [*Matter of Hamersley*], 3 Dem. 285, 288.) " He is subject to the control of the surrogate with reference to all matters connected with the estate he represents." (*Matter of Swan*, 158 App. Div. 568, 569.)

Summed up in a phrase, therefore, the temporary administrator is simply an instrumentality of the court appointing him, and except in the ordinary instances particularly specified by statute, is inhibited from any independent action in respect to the assets in his charge. He is, however, in respect to his retention of the assets, merely the *alter ego* of the court, and wholly subject to its supervision and direction.

By the direct mandate of section 127 of the Surrogate's Court Act the surrogate may direct such temporary administrator to pay funeral expenses or any expenses of administration and even, in a proper case, pecuniary benefits by way of legacies or distributive shares. *A fortiori*, it may direct the surrender of an item of property which is no proper part of the estate of the deceased and which rightfully belongs to another.

Whereas no direct decision on this point has been found, it was in effect determined in *Harrison* v. *Totten* (53 App. Div. 178). In that case the beneficiary under a savings bank trust brought an action against a temporary administrator for delivery of the bank book. The court, in reversing a determination dismissing the action, and sending the case back for a new trial, said (at p. 180),

our inclination would be to favor the view contended for by the plaintiff that she can maintain an action against the temporary administrator to recover property which she alleges belongs to her, and which is wrongfully withheld by him."

The situation in the case at bar is substantially identical. Here the temporary administrator has a certain asset, namely, a sum of

$300, which is not the property of the estate and is the unquestionable property of the present applicant. She has brought a proceeding for its recovery in a tribunal which is fully authorized by law to deal with all matters affecting a decedent's estate. The form of her proceeding in all substantial particulars corresponds to an action in the Supreme Court. (*Matter of Rosenberg*, 157 Misc. 490.) She has served the regular process of this court upon every person in any wise interested in the item of property in question.

In this situation it follows that she is entitled to the relief prayed, to the end that the purpose of the statute, namely, to provide temporary support for the immediate family of the deceased, shall not be defeated.

The application is accordingly granted and the temporary administrator will be directed to pay the applicant from the funds in its hands the $300 which belongs to her.

Enter decree on notice.