## In the Matter of the Estate of ANTHONY GROSS, Deceased.

Surrogate's Court, Kings County, December 5, 1941.

*Benjamin, Galton & Robbins*, for Etta Gross, petitioner.

*Samuel Wolf*, as temporary administrator, etc., appearing in person, respondent.

*Herrick & Feinstein*, for the Israel Zion Hospital, legatee.

WINGATE, S. Since no opposition has been interposed to the present application, the sole duty of the court in its evaluation is to determine whether the allegations of the petition, when admitted by default of denial, are sufficient to warrant the grant of the relief prayed.

On the allegations of the probable net assets of the estate it is obvious that if the will and codicils are denied probate the intestate share of the applicant will exceed the sum advance payment of which is here sought.

The question thereupon presents itself as to the rights which the petitioner would possess if the propounded instruments should be admitted to probate. By their provisions she is given only

$2,000, whereas her present petition requests an advance payment of $5,000. To meet this difficulty the petitioner asserts that she " has already evinced her intention to elect to take as surviving spouse under section 18 of the Decedent Estate Law by notice of election duly filed herein on or about the 3rd day of July, 1941."

If the only act which she has performed is that alleged, namely, of filing a notice, she has failed to perfect any right in this regard, since subdivision 7 of section 18 of the Decedent Estate Law specifies that two acts, namely, service and filing, must be completed, and, on ordinary principles of statutory construction, both arc indispensable conditions precedent to the maturing of the right. (*Matter of Zweig*, 145 Misc. 839, 849; *Matter of Coffin*, 152 id. 619, 623; *Matter of Avchin*, 158 id. 388, 393; Butler, N. Y. Surr. Law & Prac. § 2306.)

There is, however, a further difficulty in this connection in the fact that service, if actually made, can have been effected only on the temporary administrator, who is merely a receiver of the court appointed for the conservation of the estate pending the determination of the validity of the will. (*Matter of Hanford*, 113 Misc. 639, 641; *Matter of Ort*, 217 App. Div. 422, 423; *Hastings* v. *Tousey*, 123 id. 480, 482; *Matter of Levine*, 157 Misc. 454, 457; *Matter of Herle*, 165 id. 46, 52.) Strictly speaking, such an appointee is not a representative of the estate at all, but merely the *alter ego* of the particular court of his appointment for the performance of duties actually devolving upon the court itself in respect of assets which have been brought into *custodia legis*. (*Matter of Herle, supra*, 52; *Matter of Levine*, 158 Misc. 116, 119; *Matter of Levine*, 157 id. 454, 457.)

Would service of a notice of election upon such an appointee be determined sufficient to perfect a right of election? This question has never been adjudicated in any reported decision with which the court is familiar and cannot be said to be free from doubt. A reading of subdivision 7 of section 18 inclines to an inference of legislative intent that the notice must be served upon a representative of the estate in the strict connotation of the term. The specification of the time of election is that it " must be made within six months *from* the date of the issuance of letters testamentary or if letters testamentary have not been issued *from* the date of the issuance of letters of administration with the will annexed." The directed recording of the notice is " in the Surrogate's Court where such will *was* probated." (Italics supplied.)

These two provisions, especially when their cumulative effect is recognized, appear to indicate that the probate of the will and the issuance of letters thereon mark the beginning of the period

within which the newly created right is permissible of exercise. If this conclusion were to be adopted the result would follow that the performance of the acts of attempted election prior to the permissible period would be as nugatory as if they were performed subsequent to its expiration.

Presumably this question will be presented for adjudication in the future. It is not here in issue. The consequences of a determination that the issuance of permanent letters marks the beginning of the period within which a valid election is possible of perfection cannot, however, be presently overlooked. If this result were to be attained, a surviving spouse who thus prematurely served and filed a notice of election and who died prior to the issuance of permanent letters would have perfected no rights under the statute, since the right to elect is personal and must be exercised individually. (*Matter of Mihlman*, 140 Misc. 535, 538; *Matter of Zweig, supra*, 859; *Matter of Hearn*, 158 Misc. 370, 376, 377; *Matter of Ackler*, 168 id. 623, 626, 627; *Matter of Brill*, 175 id. 236, 237; *Matter of Youngs*, Id. 716, 717.)

Irrespective of this question, there is an additional defect in the demonstration of the petition that the applicant will, in every event, be entitled to more than the $2,000 legacy. Subdivision 9 of section 18 provides in effect that a surviving spouse who has waived her rights during the lifetime of the decedent in the manner there specified, shall possess no rights under the statute. The petition contains no allegation that this has not occurred in the present instance.

It follows that the petitioner has failed to demonstrate that in every conceivable situation she will be entitled to receive more than the $2,000 legacy from the estate, in consequence of which the relief to her must be limited to this sum.

The temporary administrator will, accordingly, be directed to pay the petitioner the sum of $2,000 upon her filing a bond in this sum as contemplated in section 218 of the Surrogate's Court Act.

Enter decree on notice in conformity herewith.

(Memorandum on reargument, December 26, 1941.)

The court, in the exercise of its discretion, will direct the payment to the petitioner of the total requested sum of $5,000 upon her filing an acceptable surety company bond conditioned on her return of any part of such sum as may in the future be determined to have been in excess of her distributive rights. Enter decree on notice in conformity herewith.