In the Matter of the Estate of HANS MORLAND, Deceased.

Surrogate's Court, New York County, April 12, 1944.

*Jesse Luxenberg* for Gunda K. Morland, temporary administratrix, petitioner.

FOLEY, S. By this application the temporary administratrix, a sister of the decedent, seeks in part to obtain payment to herself of the sum of $1,000 out of the assets of the estate as part of a legacy bequeathed to her under an alleged will. The application is denied.

The decedent died a resident of Norway. He left him surviving as his sole next of kin the petitioner, two other sisters, three brothers and a child of a deceased sister, all of whom except the petitioner reside in Norway. On January 13, 1942, upon application by the petitioner, letters of temporary administration were awarded to her. The decedent left personal property within this jurisdiction. In her application for temporary administration, the petitioner alleged that the decedent left a will, executed in Norway and probated in that country. She attached to her petition a photostatic copy of a certificate issued by the Probate Court of Aker, Norway, together with a photostatic copy of a correct translation thereof, certifying that according to the decedent's last will and testament, dated January 25, 1932, the petitioner and her sister, Klara Morland, are his heirs, and that the administration of the estate " was taken by this Probate Court on June 9th, 1941 and extracted to the above-named heirs for free distribution on the 23rd instant." The petitioner stated that she was unable to obtain a copy of the will or other necessary papers due to circumstances arising out of the present war and was therefore unable to apply for ancillary letters testamentary. Ancillary letters testamentary may be issued only upon proof by properly exemplified docu-

ments that the will was proved or established in the place of domicile of the decedent or place of execution. (Surrogate's Ct. Act, § 159; *In Re Neukircher's Estate*, 48 N. Y. S. 2d 868.) The documents submitted by the petitioner here are entirely inadequate as proof of the establishment or probate of the will in Norway.

Several months after her appointment as temporary administratrix, the petitioner made application for an order, which was granted, authorizing the payment to herself of the sum of $500 on account of her legacy. It was shown upon that application that the amount requested was less than would be her share of the estate whether the will was ultimately proven here or whether the decedent died intestate. If the will was proven she would be entitled to one half of the estate; if intestacy resulted, she would be entitled to one seventh of the estate as her distributive share. The assets here at that time were stated to approximate the sum of $5,000. About five months later however she made further application to pay to herself an additional sum of $1,000 on account of her legacy. She obtained an order allowing the payment of $750. Four months thereafter she procured an order for the payment to herself of the further sum of $1,000 on account of her interest in the estate. Thus the petitioner obtained out of the assets of the estate the total sum of $2,250. She now seeks an additional payment by this application of $1,000. The value of the gross assets thus far realized in this jurisdiction is stated in her present petition to approximate $8,800. It is alleged that the decedent left real property somewhere in Norway of the value of $20,000. Whether such real property is still an asset of the estate, if it ever was one, and is actually worth the amount stated cannot, of course, be known due to conditions arising out of the war. In any event it is not important here. The allowance of any payment here and an equitable distribution must be determined in the light of the assets in this jurisdiction. Based upon such assets the petitioner has already obtained far in excess of the one-seventh share of the estate to which she would be entitled if the will of the decedent should never be given recognition in this court and intestacy were decreed.

It is apparent that upon her appointment the temporary administratrix proceeded to administer the estate as though she were the permanent executrix or administratrix duly appointed by this court. As here shown she periodically applied for payments on account of her legacy under the will as though the will had in fact been established. She claims that there is

now a balance due her, after the deduction of expenses of administration as her one-half share of the estate in this country, of about $1,500. This amount is based upon the theory that she is entitled as a legatee to one half the estate under the will. The Surrogate holds that until a final determination of testacy or intestacy she is entitled to no further part of the estate. She has already been overpaid. Until the will is established there is no authority for the payment to her of any legacy under it. She is functioning merely as a temporary administrator pending the appointment of a permanent representative. Temporary administrators are the receivers of this court and are appointed solely to collect and conserve the assets of the estate for the benefit of the legatees or distributees whoever they may be. (Surrogate's Ct. Act, § 126; *Matter of Hanford,* 113 Misc. 639, 641.) Where circumstances warrant it, the Surrogate, pursuant to the provisions of section 127 of the Surrogate's Court Act may authorize the payment of a legacy or other pecuniary provision under a will or a distributive share or a just proportionate part thereof. Necessarily however the payment of a legacy to a legatee must be limited to such " proportionate part thereof " as will not in any event exceed the amount of the legacy under the will if established or the amount of the intestate share of the legatee if the will is not established, whichever is the lesser amount. There is no authority whatsoever, during temporary administration, either under the statutes or the practice or procedure of this court, which would warrant the payment of a sum in excess of the amount of the distributive share.

It also appears from the records of this court that in the month of May, 1943, the attorney for the temporary administratrix submitted a petition on her behalf to Surrogate DELE-HANTY for relief similar to that now sought. The Surrogate refused to grant the application. The attorney was instructed that if the petitioner desired any further payments she would be required to account in order that the court might be apprised of what proportion of the New York assets she had already received. The attorney thereupon withdrew the petition. No order was entered thereon. Despite the directions of the court, this renewed application has been brought on.

In her present application the petitioner alleged that " no previous application for the relief herein sought has been made." She failed to disclose the application made by her in May, 1943, to Surrogate DELEHANTY. The relief sought here is the same which he refused. This misrepresentation and suppres-

sion of fact and other grounds hereinafter stated constitute such misconduct on the part of the petitioner as makes her unfit for the due execution of her office and justify her removal. Further grounds have been shown in the petitions and orders submitted whereby withdrawals in excess of the intestate share of the temporary administratrix were obtained. The petitions did not adequately set forth all the facts. Her removal on all these grounds as temporary administratrix and the revocation of her letters therefore become necessary for the protection of the rights of distributees living in Norway, and of their shares of the assets, if there be intestacy, or of the other residuary legatees there if the will is ultimately established or probated. (*Matter of Shonts*, 229 N. Y. 374, affg. 109 Misc. 276.) Since there are no other distributees or legatees residing in this country, the Public Administrator is the proper party to be appointed temporary administrator in place of the petitioner. He is accordingly directed to institute an appropriate proceeding for her removal on the grounds heretofore stated under section 99 of the Surrogate's Court Act and for his own appointment as temporary administrator in her place upon notice to the Alien Property Custodian and the Consul General of the Royal Norwegian Government.*

Application is also made in this petition for the allowance on account for the compensation of the services rendered by the attorney for the estate. This portion of the application is also denied. If the attorney seeks additional compensation he should apply therefor in an appropriate proceeding under section 231-a of the Surrogate's Court Act, with service of citation on the persons interested in the estate. As an alternative he may apply for compensation in the accounting proceeding directed to be brought by the petitioner. The allowance or disallowance of the requested disbursements will be taken up in the final accounting of the temporary administratrix.

Proceed accordingly.

* See *Matter of Morland*, 184 Misc. 439.— [REP.