## MOOTRIE *vs.* HUNT.

### *In the matter of the Estate of* BENJAMIN F. HUNT, *deceased.*

AFTER a contest as to the probate of a will, and the Surrogate's decree admitting the instrument to proof, if an appeal be taken, a collector may be appointed on the application of the next of kin, although resisted by the party claiming under the will.

The appointment of a collector is entirely within the discretion of the Surrogate, and is usually made whenever there is probability of long delay in the grant of administration in chief.

Pending litigation of the probate, the estate should not be left without official care and supervision.

It is not proper nor customary to appoint either of the parties litigating, collector; an indifferent person should be selected.

M. G. HARRINGTON, *for Petitioner.*

D. P. HALL,
D. D. FIELD, *for Executor.*

THE SURROGATE.—The probate of the will of the decedent was contested before me, and an appeal from my decree admitting the same to proof, taken to the Supreme Court. Two of the next of kin now apply for letters of collection, and the application is resisted by the executor and principal legatee. The object contemplated by the statute in the appointment of a special administrator, is "the collection and preservation of the goods of the deceased," whenever a delay is necessarily produced, by reason of a contest or any other cause, in the grant of letters testamentary or of administration. The matter is entirely within the discretion of the Surrogate, which is ordinarily exercised in authorizing the collectorship, whenever a long delay appears probable in respect to the grant of administration in chief. The contest in this case relates to the probate of the will, and therefore

involves the title of the very property, which it is sought to place in the hands of the collector. The case is pending on appeal in the Supreme Court, and if carried to the Court of Appeals cannot be finally determined, very briefly. During this litigation, there is no reason, why the property of the decedent should be left without official care and supervision. The petitioner states its amount and value at twenty thousand dollars, and the executor named in the will does not estimate it beyond fifteen hundred dollars. In either case it is of sufficient consequence to be placed in the hands of a collector, until the controversy be determined. It is not proper nor customary to appoint either of the parties litigating, collector. An indifferent person should be selected.