CORTLAND COUNTY.—HON. A. P. SMITH, SURROGATE.—JANUARY, 1874.

## CRANDALL *v.* SHAW.

### *In the matter of the Last Will and Testament of* DANIEL J. SHAW, *deceased.*

After citations have been issued on a petition for the probate of a will, the Surrogate may appoint a collector or special administrator upon petition of one intending to contest the will, showing that the contest will be such as to cause delay.

Under section 23 of the act of 1837, (3 R. S. 6 ed. 79 § 41,) the Surrogate has power to make such appointment in anticipation of a delay which is necessarily to ensue.

Under section 11, of L. 1864, c. 71, which is still in force, notwithstanding L. 1867, c. 782, § 7, after the executor or other persons interested in a will have appeared before the Surrogate—*e. g.*—by making application to him for probate,—ten days' notice must be given them of any application to appoint a collector or special administrator.

An appointment made without such notice must be vacated on application; but the collector having acted in good faith may be allowed his compensation and expenses.

An executor or other person who is a party to the litigation should not be appointed collector.

THIS was an application by executors to vacate the appointment of a collector, or special administrator, procured by an intending contestant of the will, and to procure appointment of one of the executors as collector in his stead.

On the 23d day of December, 1873, H. Crandall, as executor named in the last will and testament of D. J. Shaw, deceased, presented a petition to the present Surrogate, for the proof of the will of Daniel J. Shaw, and the Surrogate issued citations to the heirs and next of kin returnable before him at his office on the 16th day of February, 1874, at 10 o'clock A. M. On the 24th day of December, 1873, Robert T. Shaw, an heir and next of kin of deceased, presented his petition to the Surrogate,

asking the appointment of Samuel Keator, as collector or special administrator of the estate. The petition set forth the death of Daniel J. Shaw on the 20th day of December, 1873. That he left an estate of between $300,000 & $400,000, consisting of bonds and mortgages, promissory notes, gold, silver and paper money, together with real estate of the value of about $10,000. That he left what purported to be a last will and testament and codicil made during his last sickness, when he was weak and enfeebled in mind, giving the property to those not his legal heirs. The petition further set forth that a petition had been made for the proof of said will and codicil, and citations had been issued, returnable on the 16th day of February, 1874, before the Surrogate. That the property aforesaid had, while said Shaw was in an unconscious and demented state, been taken from his premises by strangers in blood to said Shaw. That the petitioner and other heirs at law and next of kin intended to contest the will and testament and codicil, whenever the same should be presented for proof, and that a lengthy contest would ensue on the proof thereof, and great delay would necessarily be produced in granting letters testamentary, or of administration on the estate, and that the best interests of the estate required the immediate appointment of some suitable person to take the care and management of the estate, and to preserve the same during such delay,—and asked for the appointment of Samuel Keator of Cortland, as such collector or special administrator. Upon this petition the Surrogate, finding said Keator to be a suitable person, appointed him as such collector, and he immediately filed his bond and oath of office, and entered upon the discharge of his duties as such. This was done without any notice to the executors, or to any other person. The executors named in the will and

codicil now presented their joint petition for the removal of Mr. Keator, and the appointment of Hiram Crandall, one of the said executors, as such collector.

> H. CRANDALL, W. H. SHANKLAND, *and* M. M. WATERS, *for the motion.*

> M. GOODRICH, J. S. BARBER, B. A. BENEDICT, O. U. KELLOGG, *and others, opposed.*

THE SURROGATE.—The first point made by the proponents of the will and codicil and the petitioners in this case is, that there was at the time of the appointment of Mr. Keator, no contest existing, and that until such contest, no collector can be appointed to take charge of the estate.

The 23d section of the statute of 1837, (3 *R. S.* 160., §. 38,) provides, " in case of a contest relative to the proof of a will, or relative to granting letters testamentary, or of administration, in case of intestacy, or when, by reason of absence from this state, of any executor named in a will, *or for any other cause, a delay is necessarily produced in granting such letters, the Surrogate authorized to grant the same may in his discretion issue special letters of administration, authorizing the preservation and collection of the goods of the deceased.*"

I think this objection of the proponents not well taken. Had the legislature stopped with providing for the appointment of a collector in cases of contest over wills, or over the granting of letters of administration in cases of intestacy, there would have been plausibility in the argument now made by the counsel for the proponents; but when the law adds, " or for any other cause, a delay is necessarily produced in granting such letters, the Surrogate authorized to grant the same may in his discretion issue special letters, &c.," it gives authority for the appointment in all cases, where for any

reason a delay is necessarily to be produced. (*Mootrie v. Hunt,* 4 *Bradf.,* 173.)

In this case the Surrogate had issued his citations on the 23d of December, returnable February 16th, nearly two months thereafter. The petition on which the collector was appointed stated that on the return of the citations, the heirs and next of kin, including the petitioner, intended to oppose the probate of the will and codicil, and that a lengthy contest would ensue—which has been verified by a litigation of over three months, and the end is apparently still in the distance.

Here was between $300,000 and $400,000 with no one to protect or preserve it during the contest, or even during the two months before the contest should begin. I think there can be no question that the Surrogate had power to appoint a collector or special administrator in this case, and that it was a very proper case for such appointment.

The next objection taken by the proponents is that no notice was given to the executor's name, in the will and codicil, of the application for the appointment of Mr. Keator. This I consider as the important question involved in the motion to vacate Keator's appointment.

The act of 1864, (chapter 71, sec. 11,) provides as follows: " no person shall be appointed collector or special administrator in accordance with the said 23d section, as amended by this act, except on a notice in writing, of at least ten days, to every person who has appeared in the proceedings before the Surrogate, to be served in the manner provided by the code of procedure for the service of notices in actions ; nor until such person has filed the security required by law, which shall not be filed until the sureties thereto have justified before the said Surrogate, which justification shall be on the like notice of ten days, to be served as herein above provided."

The amendment of the 23d section of the laws of 1837, referred to above, is contained in sec. 10 of ch. 71, of the laws of 1864, and consists in adding the following to the original section 23, to wit :—"but any person or persons named as executors or executor in such will shall be first entitled to such special letters upon filing the bond required by law; and upon such filing, the power and authority of any collector theretofore appointed, shall cease; but no special letters shall in any event issue to any person incompetent to serve as an executor under the provisions of section three, article one, title two, chapter six, part second, of the revised statutes."

It will be seen that this amendment lets the original section stand as formerly, and only adds the above provision to it.

By sec. 7, ch. 782, of the laws of 1867, (vol. 2, p. 1928,) sec. 10, of ch. 71, of the laws of 1864, above cited is repealed, only retaining the provision : "but no letters of collection shall be issued to any person incompetent to act as such executor. " This repeal leaves sec. 23, of the laws of 1837, first above quoted, in full force, with the addition last above quoted, from the laws of 1867, added thereto.

The question is, does section 11 of the laws of 1864, apply to the original section 23, with the amendment thereto repealed, with the same force and effect as it did before the amendment was repealed, or did the repeal of the amendment to that section at the same time in effect repeal section 11. I have carefully examined these amendments, and have come to the conclusion that section 11 of ch. 71, laws of 1864, is still in force and applies to section 23, of laws of 1837, and that where the executors or other persons interested in the will have appeared before the Surrogate, it is necessary that they have the notice of 10 days of an application for the appointment

of a collector or special administrator. Sec. 11, of ch. 71, laws of 1864, is prohibitory, and forbids the appointment of a collector in such case, without the service of the notice on all parties who have appeared. In this case the petition on which Mr. Keator was appointed, shows that the executors had made application to me for the proof of the will. They had therefore appeared in the proceedings, and if my conclusion is correct, that that section is still operative, they were entitled to notice of the application for the appointment of Mr. Keator, and not having had it, his appointment is irregular. There must therefore be an order entered vacating the appointment of Mr. Keator, as such collector. But he having acted in good faith as such, must receive compensation for his services and expenses in the care and custody of the property during his collectorship, to be adjusted by me hereafter.

The executors claim that Mr. Crandall should be appointed as collector during the pendency of the proceedings, which is resisted by the next kin. It is claimed by the next of kin, in opposition to his appointment, that he received nearly all the property of the deceased, before his death, and while he was incompetent to do any business, and that there was a large amount of government bonds owned by the deceased which are unaccounted for, and that an impartial person should be appointed who will investigate and obtain such bonds and other property, and preserve the same during this litigation. I have very carefully considered this question, and have consulted the authorities upon this subject, and have come to the conclusion that the proper rule is laid down in the case of *Mootrie* v. *Hunt* (4 *Bradf.* 173). That was a contest over a will. The Surrogate of New York had decided in favor of the will, and had admitted it to probate. The amount of the estate was claimed by the next of

kin to be $20,000. The executor and chief legatee claimed it did not exceed $1,500. The contestants appealed from the decision of the Surrogate admitting the will to probate, and then applied to the Surrogate for the appointment of a disinterested person as special administrator during the litigation. This was resisted by the executor and principal legatee under the will, when the Surrogate decided that an impartial person should be appointed. The Surrogate in his opinion says:—"The object contemplated by the statute in the appointment of a special administrator is the collection and preservation of the goods of the deceased, whenever a delay is necessarily produced by reason of a contest, or any other cause, in the grant of letters testamentary or of administration. The matter is entirely within the discretion of the Surrogate, which is ordinarily exercised in authorizing the collectorship whenever a long delay appears probable in respect to the grant of administration in chief. The contest in this case relates to the probate of the will, and therefore involves the title of the very property which it is sought to place in the hands of the collector. The case is pending on appeal in the supreme court, and if carried to the court of appeals cannot be finally determined very briefly. During this litigation there is no reason why the property of the deceased should be left without official care and supervision. The petitioner states its amount and value at twenty thousand dollars, and the executor named in the will does not estimate it beyond fifteen hundred dollars. In either case, it is of sufficient consequence to be placed in the hands of a collector until the controversy be determined. *It is not proper nor customary to appoint either of the parties litigating collector. An indifferent person should be selected.* "

This case is directly in point; it is a case of less

strength for the contestants than the one before me; has never that I can find been overruled or questioned by any decision of any other court; commends itself to my judgment; and should be followed.   It results that the application for the appointment of Judge Crandall, as collector, should be refused, on the sole ground that he is a party to this litigation, and that a disinterested person should be appointed as collector during this litigation. I prefer to put this conclusion upon the above grounds rather than upon suggestions urged by counsel upon the argument of this motion, which I prefer not to consider.

The motion to vacate the appointment of Mr. Keator, is granted.   The motion to appoint Judge Crandall is denied.   As there is no other motion before me for the appointment of any particular person as collector, that is left for future consideration whenever the proper motion shall be made.

Order entered accordingly.