> Code Civil Proc. N. Y. § 2685, provides for the revocation of letters testamentary on the petition of a "creditor" of the estate, who is defined by section 2514, subd. 3, as a person having a claim or demand on which a judgment for a sum of money could be recovered in an action. *Held,* that one who sold goods to a firm composed of a surviving partner and the executors of a deceased partner, under whose will the executors could devote to the firm business only so much of the estate as was invested in the firm at testator's death, could not apply for revocation of the letters, as he could not sue the executors as such on his claim, but could subject thereto only the particular fund embarked in the business.

Application for revocation of letters testamentary issued to the executors of Joseph Stern, deceased. Code Civil Proc. N. Y. § 2685, provides: "In either of the following cases, a creditor or person interested in the estate of a decedent may present to the surrogate's court from which letters were issued to an executor or administrator a written petition, duly verified, praying for a decree revoking those letters." Section 2514, subd. 3, is as follows: "The word 'debts' includes every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action; and the word 'creditor' includes every person having such claim or demand."

*Franklin Bien,* for petitioner. *M. Warley Platzek, (Daniel G. Rollins,* of counsel,) for executrix.

RANSOM, S. This is an application under section 2685 of the Code, for the revocation of letters testamentary. No answering affidavits were filed. The counsel for the respondents interposed an elaborate brief, however, which must be considered in the nature of a demurrer. The petitioner applies as a creditor. The nature of his claims will appear by the following facts: By the provisions of the will the executors were authorized to continue the business in which decedent had been engaged during his life-time. Subsequent to the death of the testator, and while the business was being conducted by the firm, composed of the surviving partner and the executor and executrix, as such, the petitioner sold goods to the said firm. Under the decisions, a debt, accruing under such circumstances, can only be collected, so far as the estate of the deceased is concerned, from the assets which were in the business. Under the terms of the will the executors could only devote to the purposes of the business so much of the estate as was already at testator's death invested therein. The creditor could not collect his claim from assets not properly embarked in the business. *Willis* v. *Sharp,* 113 N. Y. 586, 21 N. E. Rep. 705; *Same* v. *Same,* 115 N. Y. 396, 22 N. E. Rep. 149. A point is made by

· the respondents that the petitioner has no standing to make the application. In this contention I think they are correct. The only persons under the section who can apply are creditors or persons interested in the estate of decedent. The petitioner is not a person interested in the estate of decedent, as creditors are expressly excepted by the language of subdivision 11, § 2514, which defines the term "persons interested," where used in the act. To sustain his right to petition, therefore, he must be a creditor. The term "creditor" is defined by subdivision 3, § 2514, which, when paraphrased, will read as follows: "A 'creditor' is a person having a claim or demand upon which a judgment for a sum of money could be recovered in an action." Now, as there can be no doubt that the present petitioner could not recover upon his demand as against any assets of the estate not properly employed by the executors in the business continued subsequent to the death of the testator, but would be confined as to his recovery to such assets, it is clear that he is not a creditor of the estate, for the estate would properly include both. He is simply a creditor as to the fund against which he might recover judgment, which is simply an asset or investment of the estate. This view is emphasized by the consideration that, apart from the authority to continue the business, the debt having accrued subsequent to the death of the decedent, the petitioner would not have been a creditor either of the estate or of the decedent; he would have had a claim only against the executor personally. This is true, notwithstanding a court of equity will sometimes, where the executor is shown to be insolvent, permit such a creditor to have the assets of the estate applied to the payment of his claim. Apply the test suggested by subdivision 3 of section 2514. Could the petitioner recover a judgment for a sum of money against the respondent on its claim? Unless it could, it would not be included to the term "creditor." While it might have recourse to so much of the estate as was properly embarked in the business, it is clear the suit of the petitioner could not be maintained against the executors as such. Motion denied.          •