---

(10 Misc. Rep. 211.)

## In re EDDY'S ESTATE.

(Surrogate's Court, Rensselaer County. November, 1894.)

1. EXECUTORS AND ADMINISTRATORS—TEMPORARY ADMINISTRATOR.
　　A temporary administrator will be appointed pending a contest of the will, where a third of the decedent's personalty consists of promissory notes without indorsers or other security.
2. SAME—WHO MAY BE APPOINTED.
　　Where there are conflicting interests, a person interested in the estate will not be appointed temporary administrator pending a contest of the will.

Application by Mrs. J. A. Cipperly for the appointment of a temporary administrator of the estate of Charlotte S. Eddy, deceased, pending a contest of the will, in which W. B. Eddy and C. G. Eddy were named as executors.

W. W. Morrill, J. A. Cipperly, and F. S. Black, for petitioner.
Warren, Patterson & Faulkner and T. S. Fagan, for the executors.

LANSING, S. This is an application for the appointment of a temporary administrator upon the ground that the necessary delay in this case in the granting of letters testamentary arising from the contest of the will requires the exercise of such power of appointment by the surrogate. The Code provides for the appointment of a temporary administrator "where delay necessarily occurs in the

granting of letters testamentary or letters of administration in consequence of a contest"; and it may be granted "on the application of a person interested in the estate." Code, § 2670. Of course, it is not every case of delay that will warrant the exercise of the power of appointment. There is necessary delay in every case of contest, and yet the condition of an estate may be such that it would be manifest that no possible harm or inconvenience could result from the delay to the parties interested. The question, then, arises, is there anything in the character or condition of this estate that the necessary delay in granting letters (or having some person authorized to take charge of the estate) will necessarily or probably cause loss to the estate, or be likely to impair the rights or remedies of the persons interested therein? If so, a case has been made for the appointment of a temporary administrator. I do not deem it necessary to do much more than to state my conclusions in this case. Under the will, which provides that the executors shall sell the real estate, which consists of a dwelling house of the value of from $10,000 to $12,000, and divide the proceeds between her three children, William B. and Charles G. Eddy and Mrs. J. A. Cipperly, as I understand the law, the three children take title to the real estate as tenants in common. Post v. Benchley, 48 Hun, 87; 1 Rev. St. p. 729, § 59. And the same result follows when the power of sale operates as an equitable conversion of the land into personalty. Lent v. Howard, 89 N. Y. 169. In either case the rents and profits intermediate the seisin and sale belong to the heirs. Id. It is also well settled that when one tenant in common occupies the premises he is not liable to his cotenant for the value of its use. Rich v. Rich, 50 Hun, 199, 2 N. Y. Supp. 770. I may further add I do not think that a continued occupation of the premises by one tenant in common, which commenced under a lease from the ancestor, and terminated shortly after her death, could be treated as a holding over by the occupant as tenant of the remaining heirs upon the same terms as before. I am very clear that, as soon as the descent was cast, the tenant was in under his own title as heir or owner.

But it is answered, assuming all this to be true, the tenant in common in occupation of the premises is willing to waive his right as owner, and to stipulate to pay rent as tenant under his former lease. But the proposed stipulation is hardly broad enough under the facts, since it is claimed by the applicant that the tenant has extended his occupation to other rooms of the house (which is or may be adapted for use by two families), so that practically his occupation amounts to an occupation of the entire premises, while the stipulation to pay rent only covers one tenement or portion of the house. But if it may be assumed that the rights and interests of all the parties could and possibly would be (if this application were denied) protected by a stipulation (a result, considering the present temper of the parties, I consider extremely unlikely), there is still another, and it seems to me a controlling, reason why the application should be granted. The personal estate herein consists mostly of money in savings banks or in other banks on certificate of deposit. But a large portion of the personal assets (something over one-third) consists of promissory notes

without indorsers or other security, so far as appears. The individuals or firms (makers of these notes) are doubtless solvent (no one has intimated anything to the contrary); still the law regards loans to a considerable—or, indeed, any—amount upon personal security alone as hazardous, and, if a loss were to occur upon such an investment by an executor, he would undoubtedly be held personally liable; but the rule goes further, and provides that, even when such investments have been made by the deceased, it is the duty of his personal representative, if he would shield himself from liability for loss, to make collection of such assets at the earliest practicable moment. In this condition of the estate it would seem to be the imperative duty of the court, where any considerable delay in the appointment of a legal representative of the estate is likely to occur, to appoint a temporary representative to protect and preserve the rights of the parties interested. There is no one now authorized to receive money upon the securities if due, or when due, or to look after the interest of the estate, or to protect it should business difficulties affect any of the corporate or individual debtors of the estate. Besides, it is important that an inventory of the estate should be taken as soon as practicable, that there may be an official description and statement of the assets on file in the proper office for the use of all the parties interested.

This brings us to the next question in the case. It is insisted by the executors and proponents of the will that (if a temporary administrator must be appointed) the executors named in the will, or one of them, should be selected for the office, and two reasons are assigned: (1) That Mr. Charles G. Eddy, the executor residing in this state, and who is named for the position, is a gentleman possessed of all the requisite qualifications for the office; and, further, that such appointment would be a saving of expense to the estate. (2) That the appointment of a disinterested person might in some way (in anticipated litigations) impair the rights or remedies of Mr. William B. Eddy and Mr. Charles G. Eddy, legatees and devisees, as well as executors, under the will of the deceased, in the maintenance of their claim that the bulk and body of the estate herein belongs to the estate of Charlotte S. Eddy, deceased, instead of the estate of William Eddy, deceased, as is asserted and claimed by Mrs. J. A. Cipperly. In regard to the first suggestion—that Mr. Charles G. Eddy, the executor (whom I esteem a very honorable, honest, and trustworthy gentleman), should be appointed the temporary administrator—the answer is that the courts have held with a great unanimity, of late at least, in passing upon this question, that a person interested in the estate, where there are conflicting interests, as in this case, should not be appointed temporary administrator. In Re Stearns' Estate (Surr.) 9 N. Y. Supp. 748, the court says: "The holding of the courts seems to have been uniform in refusing to appoint an executor pending a contest in which he is largely interested, and where he is in a hostile position to, and his appointment is opposed by, the contestants." West v. Mapes, 14 Wkly. Dig. 92; In re Plath, 56 Hun, 223, 225, 9 N. Y. Supp. 251. See, also, Howard v. Dougherty, 3 Redf. Sur. 535. As to the last-mentioned ground—that this application is made for ulterior purposes—it is sufficient to say, if I thought any undue ad-

vantage could possibly accrue to either party as against the other by the appointment of a temporary administrator, I would most certainly decline to interfere. But I cannot see that either party can be helped or hindered by the appointment of a disinterested person as temporary administrator. To be sure, the administrator, if he holds his office long, might, and perhaps will, be compelled to defend the estate of Charlotte S. Eddy, deceased, against the claim that the bulk of the estate belongs to the estate of another; but the court cannot and will not assume that such defense will not be made by such appointee with zeal and fidelity in discharge of his sworn official duty. Besides, the parties really interested may intervene for the protection of their own interests (when their interest is defended through a representative), and thus be permitted to appear in person as well as by counsel in such litigations as may affect their interests. Code Civ. Proc. § 452; Davies v. Fish, 19 Abb. N. C. 24; Chandler v. Powers, 1 Civ. Proc. R. 355. I do not think I am at liberty to consider the suggestion that this contest is made solely for delay. This would be deciding the matter before the testimony is in. Moreover, the character of the gentlemen conducting this contest affords ample assurance that the contest is is conducted in entire good faith. For the reasons above stated, I am satisfied that a temporary administrator, who is disinterested, should be appointed, and, if the parties will name a suitable person, I will appoint him; otherwise, I will select a person for the office myself. Ordered accordingly.