In the Matter of Proving the Will of THEODORE P. SHONTS, Deceased.

DE LANCEY NICOLL et al., Appellants; MILLA D. SHONTS, Respondent.

**Surrogates' Courts — appeal — final order — Code Civ. Pro. § 191, subd. 1 — when order of surrogate granting temporary letters of administration is a final order in a special proceeding and appealable — when surrogate has power to revoke order upon ground that it was made under a mistaken assumption of fact — Code Civ. Pro. §§ 2763, 2490, subd. 6, 1338, 1361.**

1. Proceedings for the appointment of temporary administrators are independent special proceedings when no proceeding for probate or administration is pending and they are finally determined by the order appointing such administrators, and an order of a surrogate granting letters of temporary administration in such a case is an order finally determining a special proceeding, and, therefore, an order of the Appellate Division reversing an order of a surrogate, annulling letters of temporary administration, because granted under a mistaken assumption of fact, is a final order and appealable.

2. A surrogate may not review his own decision when it may properly be reviewed on appeal, but he has undoubted power to open his orders on the ground of mistake, accident or fraud or other sufficient like cause, such as misapprehension due to lack of full disclosure of controlling facts on an *ex parte* application.

3. Where a petitioner in an *ex parte* application for temporary letters of administration stated facts which led the surrogate to believe that there was no will made by her decedent and the surrogate thereupon granted temporary letters of administration, but two days later a will made by decedent was filed in the Surrogate's Court by one of the executors named therein, with a petition for its probate, and for an order requiring the temporary administratrix to show cause why the letters of temporary administration should not be set aside as having been obtained " through the practice of gross deception and misrepresentation," the surrogate had the power upon the papers in the record to vacate and annul the order granting temporary letters of administration because it was made under the mistaken assumption that the decedent, whose will was subsequently offered for probate, had died intestate.

4. The Appellate Division has the same power as the surrogate on an appeal from an order made on an application under subdivision

6, section 2490, Code of Civil Procedure, but unless its order of reversal specifies or refers to the question of fact upon which the reversal is made, the conclusive presumption is that the order of the surrogate was not reversed on any question of fact, but that the facts have been examined and found satisfactory and the appeal to this court presents only questions of law for review.

*Matter of Shonts,* 191 App. Div. 427, reversed.

(Argued June 3, 1920; decided July 7, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1920, which reversed an order of the New York County Surrogate's Court vacating a prior order granting temporary letters of administration of the estate of Theodore P. Shonts, deceased, to the respondent herein.

The facts, so far as material, are stated in the opinion.

*Outerbridge Horsey* and *Cornelius J. Sullivan* for De Lancey Nicoll, appellant. The order appealed from is an order finally determining a special proceeding within the meaning of subdivision 1 of section 190 of the Code of Civil Procedure. (*Matter of Tilden,* 98 N. Y. 434; *Matter of Leland,* 219 N. Y. 387; *Matter of Bergdorf,* 206 N. Y. 309; *Matter of Hill,* 215 N. Y. 694.) The reversal by the Appellate Division was upon the law and not upon the facts. (*Matter of Chapman,* 162 N. Y. 456; *Matter of Keefe,* 164 N. Y. 352; *Moore* v. *Vulcanite, etc., Co.,* 220 N. Y. 320.) The surrogate's order of November twenty-fifth, vacating and annulling his prior *ex parte* order of November fifth, was not " wholly unauthorized." (Code Civ. Pro. § 2490, subd. 6; *Matter of Regan,* 167 N. Y. 338; *Matter of Jussila,* 104 Misc. Rep. 579; *Matter of Plath,* 56 Hun, 223.) The surrogate had power and authority to make the order of November twenty-fifth, vacating and annulling his prior order of November fifth. (*Matter of Regan,* 167 N. Y. 338; *Matter of Townsend,* 225 N. Y. 442; *Matter of Earle,* 74 App. Div. 456; *Matter of Henderson,* 157 N. Y. 423; *Matter of Flynn,* 136 N. Y.

287; *Sipperly* v. *Baucus*, 24 N. Y. 46; *Pew* v. *Hastings*, 1 Barb. Ch. 454; *Vreedenburgh* v. *Calf*, 9 Paige, 128; *Dobke* v. *McCleran*, 41 Barb. 491; *Campbell* v. *Logan*, 2 Bradf. 90; *Matter of Wood*, 29 N. Y. S. R. 298; *Matter of Hoes*, 119 App. Div. 288.)

*Joseph S. Auerbach* and *Charles H. Tuttle* for Guaranty Trust Company, as temporary administrator, appellant. The order appealed from is a final order in a special proceeding. (*Matter of Hill*, 215 N. Y. 694; *Matter of Leland*, 219 N. Y. 387; *Matter of Earnshaw*, 196 N. Y. 330; *Conlon* v. *Kelly*, 199 N. Y. 43.) Since the order of reversal is silent as to the grounds of reversal and specifies no particular question of fact upon which the reversal was made, it must be conclusively presumed that the reversal was upon a question of law only, and that the facts were examined by the Appellate Division and affirmed. (Code Civ. Pro. § 1361; *Moore* v. *Vulcanite Portland Cement Co.*, 220 N. Y. 320; *People ex rel. Manhattan Ry. Co.* v. *Barker*, 165 N. Y. 305; *Matter of Keefe*, 164 N. Y. 352; *Matter of Brandreth*, 169 N. Y. 437; *Matter of Barefield*, 177 N. Y. 387; *Matter of Davis*, 184 N. Y. 299; *Middleton* v. *Whitridge*, 213 N. Y. 499; *Larkin* v. *N. Y. Tel. Co.*, 220 N. Y. 27; *Fagan* v. *A. C. L. R. R. Co.*, 220 N. Y. 301.) The *ex parte* order of the surrogate purporting to appoint Mrs. Shonts as temporary administratrix was unauthorized. (Code Civ. Pro. § 2596; *Matter of Chittenden*, 76 Misc. Rep. 92; *Matter of Ashmore*, 48 Misc. Rep. 312; *Matter of Jussila*, 104 Misc. Rep. 579; *Sipperly* v. *Baucus*, 24 N. Y. 46; *Vreedenburgh* v. *Calf*, 9 Paige, 128; *Proctor* v. *Wanamaker*, 1 Barb. Ch. 302; *Brick's Estate*, 15 Abb. Pr. 12; *Matter of Harlow*, 73 Hun, 433; *Hirsch* v. *New England Nav. Co.*, 200 N. Y. 263; *Young* v. *S. B. & N. R. R. Co.*, 166 N. Y. 227; *Kelly* v. *Osborn*, 172 App. Div. 6.) The Surrogate's Court had power to set aside the order because the method of obtaining it constituted a perversion of justice and mis-

led the court as to the propriety of appointing Mrs. Shonts as temporary administratrix. (*Matter of Hodgman,* 82 Hun, 419; *Trimblestown* v. *Trimblestown,* 3 Hagg. 94.)

*Martin Conboy, Warren Dixon* and *George W. Files* for respondent. The order appealed from was made in a special proceeding instituted to probate a paper as a last will and testament and does not finally determine such proceedings. (*Van Arsdale* v. *King,* 155 N. Y. 325; *Matter of Small,* 158 N. Y. 129; *City of Johnstown* v. *Wade,* 157 N. Y. 50; *N. Y. S. & T. Co.* v. *S. G. & E. L. Co.,* 156 N. Y. 645; *G. T. & S. D. Co.* v. *P., R. & N. E. Co.,* 160 N. Y. 1.) The surrogate was not compelled on his own motion to revoke the letters of temporary administration granted to respondent upon the subsequent production and offering for probate of a paper alleged to be a last will of decedent. (*Matter of Kennedy,* 186 App. Div. 19; *Matter of Choate,* 105 App. Div. 356.)

POUND, J. On November 5, 1919, the Surrogate's Court of New York county made its order granting temporary administration of the estate of Theodore P. Shonts, deceased, to Milla D. Shonts, his widow. Mrs. Shonts took the oath and filed the required bond but letters were not issued to her. On November 25, 1919, on an order to show cause, the Surrogate's Court vacated and annulled the order of November 5, reciting in its order, among other matters, that the first order " was made under the mistaken assumption by this court that said Theodore P. Shonts died intestate," and granted temporary administration to the Guaranty Trust Company of New York, one of the executors named in the paper then offered for probate as the last will of decedent. On appeal, the Appellate Division reversed the order of annulment and reinstated the original order.

We are first called upon to determine whether an order granting letters of temporary administration is an

order " finally determining a special proceeding " within
the meaning of the Constitution (Art. 6, § 9), limiting the
jurisdiction of this court.    (Code Civ. Pro. §§ 2596–2601.)
It is urged that the order is intermediate the probate of
a will or the granting of letters of administration.    But
proceedings for the appointment of temporary administra-
tors are independent special proceedings when no proceed-
ing for probate or administration is pending and they are
finally determined by the order appointing such admin-
istrators.    The order is, therefore, appealable.    (*Matter
of Hill*, 215 N. Y. 694; *Matter of Leland*, 219 N. Y. 387.)

The next question is whether this appeal presents any
question of law for review.    In the opinion of the Appel-
late Division it is said that: " We are called upon on
this appeal to review said determination of the surrogate
as if an original application were made to this court.
(Code Civ. Pro. § 2763.)    Upon the record before us
and under the circumstances presented no fraud was
practiced upon the court nor was the grant of letters
obtained upon the false suggestion of a material fact.
The appointment was in all respects proper and regular;
and no sufficient cause existed to vacate or annul said
order."    The conclusion of the opinion is that the removal
of Mrs. Shonts was wholly unauthorized as matter of law.

Section 2763 provides in part that " Upon an appeal
from a determination of the surrogate, made upon an
application pursuant to subdivision 6 of section 2490
the appellate court has the same power as the surrogate,
and his determination must be reviewed as if an original
application were made to that court."

Section 2490 deals with the incidental powers of the
surrogate and subdivision 6 contains the following state-
ment of certain of such powers: " To open, vacate,
modify, or set aside, or to enter as of a former time, a
decree or order of his court; or to grant a new trial or
a new hearing for fraud, newly discovered evidence,
clerical error, or other sufficient cause.    The powers

conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers." The order of reversal does not specify or refer to any question of fact upon which the reversal was made and the conclusive presumption is that the order was not reversed upon a question of fact. (Code Civ. Pro. §§ 1338, 1361.) The respondent comes here with a reversal upon the law and with a presumption that the facts have been examined and found satisfactory. (*Larkin* v. *N. Y. Telephone Co.*, 220 N. Y. 27, 33.) The question is one of the power and authority of the surrogate rather than of the right determination of the Appellate Division of the original question of revocation on the facts and in the exercise of discretion. As the record stands it has been held that neither the surrogate nor the Appellate Division on an original application could grant the order annulling the order granting temporary administration to Mrs. Shonts. The only question to be reviewed on this appeal is thus presented as one of law.

We think that the power to grant such order existed and was properly exercised.

Mrs. Shonts' petition for letters of temporary administration states that " she had made diligent search and inquiry for a will of said deceased and has not found any such will, nor has your petitioner obtained any information concerning any such will except that in or about the year 1904, at a time when the deceased was about to depart for Panama, the deceased had prepared, executed and exhibited to your petitioner a certain document which your petitioner read, which he stated to your petitioner was his last will and testament, and which document made your petitioner practically sole beneficiary, of the whereabouts of which will your deponent is ignorant, and your petitioner, subsequent to the death of the deceased, was informed that in or about the month of July, 1919, the said deceased attempted to make a will wherein

he bequeathed nothing or practically nothing to your petitioner, and attempted to leave the largest part of his estate to a certain woman in no way related to him or his family, either by blood or marriage, and with whom he had associated and to whose influence he had been subjected for a considerable period prior to his death, and at the time of the making of the said alleged will, and for a considerable period of time prior thereto, the said deceased was mentally incompetent to make a last will and testament. That your petitioner, however, has never seen any such will and as hereinafter appears, a search of the surrogate's office of the county of New York discloses the fact that no such will has ever been filed nor any proceedings taken to probate any such will, although the deceased died on the 21st day of September 1919, and should any such document purporting to be a will of the deceased hereafter be produced and offered for probate, your petitioner will contest the same on the grounds of testamentary incapacity, undue influence and other grounds, and a long delay would necessarily ensue before the final adjudication on such application."

Two days after the order granting temporary administration had been granted to her on this petition the will referred to in her petition as having been made in July, 1919, in favor of "a certain woman in no way related to him or his family, either by blood or marriage," was filed in the Surrogate's Court by DeLancey Nicoll, one of the executors named therein, with a petition for its probate, and at the same time the order was granted requiring Mrs. Shonts to show cause why the order granting temporary administration to her should not be set aside as having been obtained "through the practice of gross deception and misrepresentation." Her application for temporary administration, on its face the natural duty of the widow in the conservation of the estate, now appears to have been the result of haste to precede the applicant for the probate of such a will into

the Surrogate's Court. Read in the light of subsequent developments, the petition of M s. Shonts seems disingenuous and argumentative. She alleges that *she* had not *found* any will; that *she* had never *seen* the will of 1919, but that she had been *informed* of an *attempt* to make such a will and that she intended to contest it if it was offered for probate on the ground that her husband was mentally incompetent. All this is consistent with knowledge of the facts on her part. She should have said unequivocally that " no will is known (to petitioner) to exist " (Code Civ. Pro. § 2596), if that is what she intended the surrogate to understand. She could not unqualifiedly make such an allegation. It is evident that the surrogate was not made to understand, as he should have been, from out of this cloud of words that a will existed which would soon be before him. Her petition was not the place, under the circumstances, for statements which sought to negative the existence of such a will by intimations that, if discovered, it was not entitled to probate. By reason of the vagueness and generality of her statement, the court mistakenly turned over, *ex parte*, the administration of the estate to the prospective contestant. When the matter was brought to his attention the learned surrogate says that he would not have done this if he had known the facts; that he acted on " the mistaken assumption that Shonts died intestate." I see no reason why a rule of *caveat judex* should be applied because the facts were hinted, as it now appears quite plainly, to the judge so that a man on his guard might have protected himself from hasty action. When the court has been thus led into granting an order *ex parte* which would not have been granted on full disclosure, we need not be at pains to analyze the widow's petition to find that it contains the substance of what is now alleged.

This case is an unusual one. Parties and counsel always owe the court the duty of plain speech. When by reason of lack of entire candor on their part, an order

is mistakenly made, we should be slow to say that it may not be corrected under section 2490, subdivision 6, of the Code of Civil Procedure. The court was, by reason of misapprehension which we cannot say was inexcusable, induced to make an order inconsistent with its declared policy of refusing temporary administration to the prospective contestant of a will. Whatever the intention of the widow may have been, her proceeding was disorderly to that extent.

The error of the court was not one of law nor did it arise upon the facts before the court on the original application. The surrogate may not review his own decision when it may properly be reviewed on appeal, but he has undoubted power to open his orders on the ground of mistake, accident or fraud or other sufficient like cause, such as misapprehension due to lack of full disclosure of controlling facts on an *ex parte* application.

The order of the Appellate Division should be reversed and that of the Surrogate's Court affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO and ANDREWS, JJ., concur; CRANE, J., concurs in result.

Order reversed, etc.