Matter of the Probate of the Last Will and Testament of MATILDA E. BURNHAM, Deceased.

(Surrogate's Court, Westchester County, February, 1921.)

Executors and administrators — contested probate — when executor will not be appointed temporary administrator — incompetent persons — Code Civ. Pro. § 2596.

> Where the son, who is an epileptic, an inmate of a state hospital and the only heir of testatrix, joins in an application of his special guardians for the appointment of a temporary administrator under section 2596 of the Code of Civil Procedure, pending the son's contested probate of the will before a jury, which cannot be tried for some time, the application may be granted as matter of discretion.
>
> Upon the facts and the law applicable thereto it would be an unwise exercise of discretion to appoint one of the executors as such temporary administrator, even though he is a prominent and responsible man of business, and though such a course will cause the payment of an extra commission, a disinterested and suitable person, an attorney and counselor at law, will be appointed such administrator.

APPLICATION by the special guardians of an incompetent person for the appointment of a temporary administrator.

Frederick P. Close and Edward S. Slater, special guardians, for contestant.

Herman A. Schupp (Martin Conboy, of counsel), for proponents.

Surrogate's Court, Westchester County, February, 1921.    [Vol. 114.

SLATER, S. This is an application made by the special guardians of Frederick W. Burnham, the incompetent son and only heir of the testatrix, the incompetent joining in the request, for the appointment of a temporary administrator under section 2596 of the Code of Civil Procedure. A special guardian is more than an attorney. He is a trustee *ad litem*. He must err, if need be, on the side of caution. In bringing on a contest, and attempting to conserve assets, he is answerable to the court, as well as to the incompetent. In the instant case the special guardians have only performed a proper duty. The order in this matter would be intermediate in the proceeding now pending to probate the will. *Matter of Shonts,* 229 N. Y. 374. The application herein is directed to the discretion of the court, the exercise of which is founded upon *any cause* making for delay in the granting of letters, or in probating the will. The estate consists of bonds and mortgages, and other securities, also certain real estate stated to be worth $150,000. Care and control of the real estate and collection of income is required.

A temporary administrator represents the court as conservator to collect and conserve the assets of an estate. He is named with authority to act under the court's direction. *Matter of Hanford,* 113 Misc. Rep. 639; Code Civ. Pro. §§ 2596, 2597.

I have withheld decision for a reasonable time to ascertain if the contest could be tried at the present jury term, and I now ascertain it will not be tried. The next jury term of the court will be held in May and the trial may be prolonged until the autumn. *Matter of Wolfe,* 181 App. Div. 35. Consequently, a temporary administrator should now be placed in charge of the estate to serve as custodian *pendente lite.* Someone with authority should have control of

the real estate and custody of the securities for their preservation. That delay has occurred and will occur is uncontrovertible. That it may jeopardize the large assets so that those ultimately entitled thereto may suffer loss, is, I think, sufficient cause for granting this application. The allegations of the petition fully justify the granting of temporary administration pursuant to the Code of Civil Procedure. *Matter of Choate,* 105 App. Div. 356.

As to the appointment of a suitable person to serve as temporary administrator. Section 2596 of the Code authorizes the surrogate, in his discretion, to issue to one or more persons letters of testamentary administration. The class of persons from whom the surrogate may make his selection of a temporary administrator is here clearly pointed out. Any one qualified to act as an executor may be appointed by the surrogate in the exercise of his judicial discretion. He is not otherwise limited in his selection. Whether the surrogate should appoint as the temporary administrator one who is named as executor in a disputed will, or some other person, must be decided in each case that presents itself on its own particular facts and circumstances.

It has been my policy to appoint the executors nominated in the will as the custodians of estates, unless there is some peculiar cause or necessity to look elsewhere. In *Matter of Plath,* 56 Hun, 223, Justice Willard Bartlett said: " It is important that the person entrusted with temporary administration should be not only competent and honest, but *disinterested,* and if he had to be either a relative, or a creditor of the deceased, it might often be very difficult to select a temporary administrator who would be indifferent as between the parties to a contest among

applicants for permanent administration or a contest over the probate of a will.''

In the instant case the only heir at law is an incompetent son of the age of about forty-four years. He is an epileptic. The special guardians representing him make no request for the appointment of a particular person as temporary administrator. The proponents, the two executors nominated in the will, Herman A. Schupp, of Westchester county, and Victor H. Thun, of New York county, join in asking for the appointment of Mr. Thun. The contestant has refused to consent; in fact, objects to his appointment. The examination of the witnesses to the will, had preliminary to the filing of the contest, disclosed the fact that Mr. Schupp, one of the executors named, had consulted with the testatrix, and had prepared and attended upon the execution of the will as her attorney. The contestant who alleges lack of testamentary capacity and undue influence, objects to Mr. Thun's appointment, because of his close association with Mr. Schupp in the administration of the estate of William D. Burnham, deceased, the father of the incompetent contestant herein, and for the further reason that he is named as co-executor with Mr. Schupp in the disputed will. The estimated value of the estate of the father, William D. Burnham, exceeds $500,000. The major part of this estate was bequeathed to charity. The father's will bequeathed to the son only such portion of the income upon $15,000 as the trustees thereof, being Mr. Schupp and Mr. Thun, should, in the exercise of their *discretion,* think proper to use for his '' comfort, support and maintenance.'' The corpus of the trust, that is the $15,000, and all unused income passes to the library and reading room of the village of Port Chester, as ultimate legatee. The trustees state that such income is about $900 per

Misc.]　Surrogate's Court, Westchester County, February, 1921.

annum.　The incompetent son is, and has been for years, confined in the Hudson River State Hospital, at Poughkeepsie, a state institution.　He was placed there by his parents.　The trustees of the trust under the father's will are paying for his keep and care $6 per week or about $300 per annum.　A like amount is paid by municipalities for the care and keep of their charity and indigent insane in the same and like institutions.　This expenditure must be their idea of the proper discretion to be used by them "for the comfort, support and maintenance" of Frederick W. Burnham, for his life, as required by the terms of the trust, because the parents had made similar payments.

Surrogates' Courts have refused to appoint an executor as temporary administrator when it was alleged that such executor was unfriendly, or had assisted in shaping the testamentary disposition of the decedent, or was a party to the litigation; or was, from circumstances, not disinterested.　*Jones* v. *Hamersley*, 2 Dem. 286; *Cornwall* v. *Cornwall*, 1 id. 1; *Howard* v. *Dougherty*, 3 Redf. 535; *Matter of Plath, supra.*　In *Matter of Wanninger*, 3 N. Y. Supp. 137, Surrogate Ransom refused to appoint an executor a temporary administrator because he was charged with unduly influencing the decedent in making the will.　In *Crandall* v. *Shaw*, 2 Redf. 100, it was held to be improper to appoint a person who *was a party to the litigation,* although he was not personally interested in the result, and that none but a disinterested party should be named.　This ruling has been followed in *Matter of Stearn*, 9 N. Y. Supp. 445; *Matter of Eddy*, 10 Misc. Rep. 211.

It cannot be truly said that Mr. Thun is disinterested.　He is a party to the contest proceeding.　He is now acting with Mr. Schupp as one of the executors of and trustees under the will of the father of the

Surrogate's Court, Westchester County, February, 1921.   [Vol. 114.

incompetent contestant herein.  The payment of such a meagre sum per week by this trustee and Mr. Schupp, for the "comfort, support and maintenance" of the incompetent, would not lead me to think that they are doing their full duty to the son.  A failure to perform a full duty smacks of hostility, lack of interest and lack of a desire to provide all the care that the restricted sum of $900 per annum could buy. As trustees of the $15,000 fund, nor as next friends, they have not proceeded to ask for the appointment of a committee of his person and estate.  There is no one to press, if need be, for the use of the whole income of the fund.  There is no one to legally ask that he be given more comforts, and better maintenance, and to compel it.  There is no one to-day who is providing comforts.  It is clear to my mind that it is Mr. Thun's duty to endeavor to carry out the expressed words of the will of Matilda E. Burnham, the mother; therefore, he must necessarily represent interests hostile to the contestant.  I do not mean to have this interpreted as hostility of the heart and mind, but legal hostility.  The will of the decedent, the mother, leaves nothing to the only child, who suffers from epilepsy. The entire estate passes to nonrelatives and charity. In fact, it appears that of all of the property of both parents, amounting to nearly $1,000,000, only the income of $15,000 is given to the sole heir.  The contest for this estate is between legatees, not of the blood of the testatrix, on one side, but strangers — and the natural heir, the incompetent son, the disinherited child of her body, on the other side — a child cursed by heredity for all we know.  He is helpless, except as the law gives him the right to go before a jury and assert — a statutory right — the right of inheritance from parents, and attempt to prove that the will should be set aside.  The law is silent as to the revo-

cation of a will when an incompetent and dependent child is disinherited. It permits parents to will property away from an incompetent and helpless offspring. The Decedent Estate Law, sections 26 and 28, rebukes and penalizes parents in certain cases for not providing for the support of their natural offspring. A will made prior to marriage and birth of issue shall be deemed revoked as to issue born thereafter, unless such issue shall be provided for. Such issue is permitted to take their natural inheritance and, if necessary, sue to recover from devisees and legatees therefor.

As I observe, Mr. Thun is in the same position as Mr. Schupp finds himself. They both seek to propound a will that disinherits an only child, who is incompetent. They are both placed in a position of hostility to him. One of them as attorney attended the execution of the paper writing, and both are executors of the father's will. It is fair to assume that they work in harmony and that Mr. Thun as a temporary administrator would be guided and counseled by Mr. Schupp. In fact, Mr. Schupp is the attorney of record for himself and Mr. Thun as such executors in all proceedings relating to the father's estate. Mr. Thun's administration of the estate as temporary administrator pending the contest could not be impartial. He could not well serve two conflicting interests.

To my mind, these facts and circumstances afford sufficient reason why he should not be appointed as temporary administrator against the protest of the contestant. Such temporary collector represents the interests of the legatees, if the will shall be admitted to probate. In a case of rejection, he represents the heir at law. An estate should not be turned over to an expectant contestant to conserve during pending litigation (*Matter of Shonts,* 229 N. Y. 374, 382) ; nor

Surrogate's Court, Westchester County, February, 1921.   [Vol. 114.

to persons allied, interested, or close to those who are charged with exercising undue influence. *Crandall* v. *Shaw, supra; Matter of Eddy, supra.*

The power of the court to choose as temporary administrator one not "interested" for such an *ad interim* office, "rather than to give to either competitor the advantage of possession of the assets," has been recently upheld in *Matter of Durban,* 175 App. Div. 688; affd., 220 N. Y. 589.

In view of the facts narrated here, as disclosed by the papers, in argument, and upon the law of the cases cited, I am constrained to believe that it would be an unwise and unwarranted use of my judicial discretion to choose Mr. Thun, even though he is a prominent and responsible man in the business world.

It was stated by the proponents in argument that the appointment of one other than Mr. Thun would cause the payment of an extra commission. That is true. If the proponents wish to moralize upon economy, permit me to say that fairness and justice are far greater virtues. It is, in my judgment, better to pay an extra commission than to work a possible hardship upon, and create a disadvantage for a disinherited child, by the court's appointment of one to control assets, who is not disinterested, and who would be in a position hostile to the heir. Why should the proponents be given the advantage, at the outset, of possession of the assets? Justice Putnam, of our Appellate Division, in *Matter.of Durban, supra,* has disposed of that question by saying it should not be done. In proponents' desire for economy, they have lost sight of the fact that, in the contest, the incompetent son cannot be awarded counsel fees (*Forster* v. *Kane,* 1 Dem. 67), nor payment for the production of alienists. Contestants are not assisted by the law. The law rather frowns upon attempts to break wills.

Misc.]   Surrogate's Court, Westchester County, February, 1921.

In support of the will, however, which upon its face disinherits the son, the law affords the proponents taxable costs and all necessary disbursements and expenses incurred in the attempt to sustain the will, to be granted in the discretion of the court under section 2746 of the Code of Civil Procedure. Thus, while the incompetent son cannot employ counsel, the executors are permitted to employ learned, eminent, resourceful, and expensive lawyers.   Of course, this places the contestant at once at a great disadvantage. The proponents forget the principle of exact justice in their pursuit of economy.   Indeed, it might be well for some one to consider whether a next friend, or the state hospital authorities should not petition the Supreme Court to name a committee of the incompetent's person and property, so that such committee might take proper means to have the income upon the trust fund created by the father's will, over and above the six dollars per week now being expended for his care, support and maintenance, used, if possible, to employ counsel to assist the special guardians in the contest.   Having in mind the magnitude of the estate, my judgment should not be clouded by false economy from seeing that impartiality is observed in the matter of the control and conservation of the estate, during the period of the contest for its possession.

I will appoint Henry R. Barrett, a disinterested and suitable person, an attorney and counselor at law in Westchester county, as temporary administrator to take possession of all of the assets of the estate, upon his taking the statutory oath of office, and filing a bond equal to the amount of the personal estate.

Decreed accordingly.