In the Matter of the Application for Temporary Letters of Administration upon the Goods, Chattels and Credits of EMILY A. WATSON, Deceased.*

Surrogate's Court, Westchester County, May 9, 1924.

**Executors and administrators — application for appointment of temporary administrators pending determination of contested probate proceeding — Surrogate's Court not required to unduly care for persons taking under will as against heirs or next of kin in interests of economy — claim that one executor, decedent's consultant, is unfriendly to contestants — disinterested parties may be named temporary administrators in discretion of surrogate — duty of executor named in will up to time of probate.**

Surrogates' Courts are not required to unduly care for persons who take under a will as against heirs or next of kin. Nor is it the duty of the court, in the interests of economy, to do other than to see that impartiality is observed in the manner of the control and conservation of the estate.

Accordingly, an application for the appointment of temporary administrators, pending the determination of a contested probate proceeding, should be granted and two disinterested attorneys named as temporary administrators in the interest of exact justice, where it appears that one of the executors named by the decedent was his consultant for several years and was in control of some of the assets since 1922 under a power of attorney; that he was unfriendly to the sole next of kin who are contesting the probate proceeding; and that personal papers of the decedent have been removed from his home by the proponent of the will, since it is the duty of the Surrogate's Court to see that no party to the proceeding should have the advantage of the possession of the estate.

It behooves the executors named in a paper writing to be more than careful with a decedent's effects. A person — without letters, an executor *de son tort* — is without right to remove personal papers of the decedent, simply because he is familiar with the affairs of the decedent, particularly without advice from the Surrogate's Court.

APPLICATION for the appointment of temporary administrators.

---

* Affirmed, 209 App. Div. 876.

Surrogate's Court, Westchester County, May, 1924. [Vol. 123

*Herbert M. Teets (Frederick C. McLaughlin,* of counsel), for the executor and certain legatees.

*J. Noble Hayes,* for the residuary legatees.

*Stewart & Shearer (Carrington G. Arnold,* of counsel), for United States Trust Company, trustee.

*Goodale & Hanson (Henry N. Simpson,* of counsel), for the legatees.

*Cadwalader, Wickersham & Taft (Thomas B. Gilchrist,* of counsel), for the contestants.

*Battle, Vandiver, Levy & Van Tine,* for the contestant.

*Murray, Ingersoll, Hodge & Humphrey (Theodore F. Humphrey,* of counsel), for the legatees.

*Winthrop & Stimson (Frederick W. Stelle,* of counsel), for Lincoln Hospital.

*Hoadley, Lauterbach & Johnson (John D. Mason,* of counsel), for the Mt. Sinai Hospital.

*King, Lane & Trafford (Mr. Klein,* of counsel), for St. Luke's Hospital.

*Coudert Brothers (Arthur I. Strang,* special guardian), for Countess Niel.

SLATER, S. This is an application made by one of the executors named in a paper writing of the decedent for the appointment of temporary administrators. The estate consists of a home in the city of White Plains, real estate in New York city, and personal property of a very large amount. The usual objections have been filed to the probate of the paper writing by all the next of kin of the decedent, namely, first cousins on the mother's side. The chief beneficiaries under the will are cousins on the father's side, of the second and third degree removed. One of the executors has for many years been decedent's consultant and was in charge of some of the assets since 1922, under a power of attorney. All parties appearing have joined in the request for the appointment of a temporary administrator. The proponents ask for the appointment of the executors, with the suggestion that a third person be appointed to act with them. The contestants desire a stranger. Others seek one or more trust companies.

Is there any cause or necessity to look elsewhere than the executors named in the will? *Matter of Burnham,* 114 Misc. Rep. 455. Surrogates' Courts have refused to appoint an executor as temporary administrator when it was *alleged* that such executor

was *unfriendly*, or had *assisted* in shaping the testamentary disposition of the decedent, or was a *party to the litigation*. In *Matter of Wanninger*, 3 N. Y. Supp. 137, Surrogate Ransom refused to appoint an executor the temporary administrator because he was *charged* with unduly influencing the decedent in making the will. In *Crandell* v. *Shaw*, 2 Redf. 100, it was held improper to appoint a person who was a party to the litigation. This rule was followed in *Matter of Sterns*, 9 N. Y. Supp. 445; *Matter of Eddy*, 10 Misc. Rep. 211; *Matter of Burnham, supra.*

The contestants, the sole next of kin, are protesting against the appointment of either of the two executors named in the paper writing. A temporary administrator represents not only the interest of the persons who may take under the will, but in case of rejection he represents the heirs at law and next of kin. There is no superiority as between next of kin and legatees. *Matter of Eno*, 196 App. Div. 131, 165. Why should the proponents be given the advantage at the outset of the possession of the assets? *Matter of Durban*, 175 App. Div. 688; affd., 220 N. Y. 589.

Statement was made by one of the counsel upon the argument that personal papers of the decedent had been removed from the home in the city of White Plains by the proponent of the will. While it is always a difficult task to know just what to do regarding decedent's personal estate between the hour of death and the probate of a will, or the appointment of a temporary administrator, still it behooves executors named in a paper writing to be more than careful with decedent's effects. A person — without letters, an executor *de son tort* — is without right to remove personal papers of the decedent, simply because he is familiar with decedent's affairs, particularly without advice from the surrogate. There may or may not have been in decedent's home papers reflecting upon the will contest. In any event, such personal belongings should be in the hands of disinterested persons for the use of any of the parties to the will contest.

The legatees under the will join in and urge the appointment of the executors as temporary conservators because of their desire for economy. It is not the duty of the court to unduly care for persons who take under the will as against heirs or next of kin. The next of kin are well within their rights in filing a contest and asking for a jury trial. In case the will should not be admitted to probate, the contestants will take the entire personal estate.

The legislature has seen fit within recent years to increase the commissions to be paid to executors and administrators — actual and temporary — and if the item of expense is considerable in the conservation of an estate the court must not be censured. It is

the legislature which created the increased commissions. It is the court's duty to see that impartiality is observed in the matter of the control and conservation of the estate.

From information gleaned from the argument of counsel, pro and con, upon the motion in the instant proceeding, and giving proper weight to all the reasons presented, it is my judgment it is best to name a stranger to the contest as temporary administrator; one entirely disassociated from all of the parties and thereby disinterested. It is in the interests of exact justice. Surrogate's Court Act, §§ 118, 126; *Matter of Durban, supra.* Neither competitor should have the advantage of possession of this estate.

Some of the reasons assigned by the courts in the cases cited herein why a stranger should be appointed temporary administrator are present in the instant case.

In the exercise of my discretion, I will appoint Henry R. Barrett of White Plains, and Frederick P. Close of Tuckahoe, two disinterested and suitable persons, attorneys and counselors at law in Westchester county, as temporary administrators to take possession of all the assets of the estate of the decedent, real and personal, upon their taking the statutory oath of office and filing a bond equal to the amount of the personal estate.

Submit decree.

Decreed accordingly.