John D. Bennett, S.
In this proceeding objections have been filed by two daughters of the decedent alleging that the will was not properly executed, that the decedent did not have testamentary capacity, and that “ one of the executors and trustees named in the said Will” (italics supplied) exercised undue influence upon the decedent.
(A) Motion to Appoint Temporary Administrators
The named executor accused of undue influence moves for an order appointing him and the other named executor as temporary administrators. The appointment of temporary administrators is not opposed except that the contestants request that the proponents and the contestants each nominate a temporary administrator. In the exercise of its discretion (Surrogate’s Ct. Act, § 126) the court will appoint Henry Mottek, a nephew of the decedent, named in the will as a coexecutor. He is qualified to act and is not interested in any manner directly or indirectly in any of the bequests. He is not mentioned in the allegations addressed to his coexecutor. Since the neutrality of the contestants and of the petitioner has been challenged, it would be contrary to the settled policy of our courts to appoint any one of them. In Matter of Weisberg (286 App. Div. 850) the Appellate Division, Second Department, said: ‘ ‘ Although the objections allege fraud and undue influence on the part of the two other named executors, no such charge is made against the temporary administrator. He is not a beneficiary under the will, and is an experienced and reputable attorney, familiar with the affairs of the decedent. It was for the Surrogate to determine in his discretion who should be appointed. (Surrogate’s Ct. Act, § 126.) We find no abuse of discretion in the appointment made. (Cf. Matter of Erlanger, 136 Misc. 793, affd. 229 App. Div. 778.) ”
In Matter of Erlanger (supra, pp. 794-795, 797-798) Foley, S., stated: “ The status of a temporary administrator is similar in nature to that of a receiver. He holds and conserves the assets of an estate until the ultimate issuance of permanent letters. Primarily, the surrogate must determine whether there is any emergency requiring temporary administration. If necessity be established, the selection of the person or persons to act in the temporary capacity is within the discretion of the surrogate. Certain rules, however, have been uniformly followed by the surrogates in the exercise of this discretion. In an ordinary case, consideration is first given to the persons selected by the maker of the will" as executors of his.estate.. In some instances representatives of the proponent and the con *936 testant have been appointed either upon consent of the parties or by direction of the surrogate. In very exceptional cases, an impartial or neutral person is selected to act either alone or with the nominees of the parties. But in each case the particular facts of the estate must govern the selection. * * * With but few exceptions, and those in extraordinary cases, it has been the practice of the surrogates to pay heed to the selection by the maker of a will of the persons he desires to manage his estate. That practice is based upon sound public policy, since it encourages and fosters confidence in our court by the living. It assures them that outsiders will not be permitted, even temporarily, to manage their estates, whether large or small. Such was the custom of my predecessor, Mr. Surrogate Fowmb, and such, I understand, to be the rule followed by the learned surrogate of Kings county, Surrogate Wingate. In aid of economy, certain provisions of the Surrogate’s Court Act encourage that practice, for, under the terms of section 285 of the Surrogate’s Court Act where a person acts as temporary administrator and subsequently as executor, he is entitled to one commission only for acting in both capacities. He must elect in which capacity he requests commissions. Thereby substantial expense is saved to the beneficiaries of the estate if the will be admitted. In view of the waiver by Mr. Baron of any commissions whatsoever as temporary administrator, if the will should be denied probate, his appointment will involve no expense for that purpose'to the estate. * * * Under the special circumstances of this case I am likewise of the opinion that no neutral person of the court’s own selection should be appointed. Exceptional or extraordinary circumstances occur in cases where that procedure is not only desirable, but necessary. Thus, where a claim is made that the will has been forged and the preliminary proofs tend to support that conclusion, or where a stranger to the blood or family of the deceased has in a will written himself down as a beneficiary of a large part of the estate, the appointment of a person named as an executor would be obviously improper. Other extraordinary cases have justified the selection by a surrogate of an impartial representative. But they are not present in this case. ‘ The intrusion of nominees of the court, strangers to the dead, very distasteful to the inhabitants of this State, should be as rare as possible in this court, if people of property are to continue to feel at ease and in security in this State.’ (Fowler, S., in Matter of Shonts, 109 Misc. 276, affd. 229 N. Y. 374.) The courts have always respected the fight which a testator enjoys to determine who is most suitable to settle his testamentary affairs, and his *937 solemn selection should.not lightly be disregarded.” (See, also, Matter of Durban, 175 App. Div. 688, affd. 220 N. Y. 589; Matter of Burnham, 114 Misc. 455; Matter of Eddy, 10 Misc. 211; Matter of Pearson, 228 App. Div. 418; Matter of Watson, 123 Misc. 323, affd. 209 App. Div. 876, appeal dismissed 239 N. Y. 506; Matter of Eggsware, 123 Misc. 541; Matter of Hanford, 113 Misc. 639; Matter of Morland, 184 Misc. 435, affd. 269 App. Div. 686; Matter of Viggiani, 171 Misc. 74; Matter of Ashmore, 48 Misc. 312; Matter of Ranney, 78 N. Y. S. 2d 602, affd. 273 App. Div. 1057.)
(B) Examination before Trial
The contestants move to vacate a notice to examine them pursuant to sections 288 and 290 of the Civil Practice Act and section 316 of the Surrogate’s Court Act, Since the items on which the examination is sought are proper, the motion will be denied. (See Matter of Veeder, 7 Misc 2d 662, and cases there collected.) The parties to be examined are to produce for use at the examination all papers and data pertaining to the matters upon which the examination is granted which are in their possession or under their control pursuant to section 296 of the Civil Practice Act. The contestants also urge that they be permitted first to examine the subscribing witnesses pursuant to a notice which “ is being served at the same time as this notice of motion ’ ’. One of the contestants resides in California. The examination of the subscribing witnesses will be completed first, after which the examination of Ilia Rich will proceed. Helene Arnhym’s examination will be held one week prior to the trial of the issues in this proceeding.
(C) Motion for Bill of Particulars
Objection is made to the motion for a bill of particulars because it seeks “ specific act or acts, date or dates, course or courses of conduct ”, “ exact and specific” times and places, “ the names and addresses of all persons ”, “ particular false statements ”, and the like. It is also urged that the bill of particulars be not required until after the examinations before trial.
The second objection is disposed of by requiring the contestants herein to serve their bill of particulars 15 days after the completion of the examination of the subscribing witnesses. (Matter of Veeder, supra; Matter of Dexter, 155 N. Y. S. 2d 645.)
This leaves for determination only the question as to the propriety of requiring “specific” acts and the like. For a *938 discussion of the distinction between the different-rules prevailing in the First and Second Departments, see 2 Warren’s Heaton on Surrogates’ Courts (§ .184, par. 3 et seq.). In this department ‘ ‘ specific act or acts ”, “ particular false statements ”, and names of “ the person or persons ” charged with the same may properly be demanded. (Matter of Mullin, 143 Misc. 256, affd. 240 App. Div. 996, affd. 265 N. Y. 491; Matter of Carhart, 168 Misc. 280 [Nassau County] following Matter of Mullin, supra.)
The motion will therefore be granted in all respects.
Submit separate orders on notice in accordance with this decision as to each motion.