In the Matter of the Application of the BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND, Respondent, Relative to Acquiring Title to Certain Real Property in Said County for Highway Purposes for the Highway Known as the Suffern-Mt. Ivy County Highway No. 1448. (Proceeding No. 2.) FENTON SHERWOOD, Appellant.— Judgment of condemnation reversed on the law and the facts, with costs, and the petition dismissed, with costs. In our opinion there has not been a substantial compliance by the petitioner with the statutory provisions in respect of a showing that there was necessity for the improvement and that a fair and reasonable effort was made to purchase the property by agreement with the appellant. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Tompkins, J., not voting.

In the Matter of the Application of Dr. ALBERT LOYAL CRANE and Another, Respondents, for an Order of Mandamus against JOSEPH D. McGOLDRICK, as Comptroller of the CITY OF NEW YORK, Appellant.— Peremptory mandamus order reversed on the law, with costs, and the petitioners' application denied, with ten dollars costs, as a matter of law and not in the exercise of discretion. In our opinion, there is no statutory provision authorizing the employment, at public expense, of expert witnesses on behalf of a defendant under indictment for a criminal offense, in a proceeding before a lunacy commission appointed to inquire into the mental condition of the accused, and, therefore, the order of the Supreme Court made on the 9th day of February, 1934, fixing the compensation to be paid to the petitioners for their services as expert witnesses for the accused, was unauthorized. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

In the Matter of the Judicial Settlement of the Account of LAURA RATKE, as General Guardian of the Person and Estate of MICHAEL GIER, an Infant. MICHAEL GIER, Appellant; LAURA RATKE, General Guardian, etc., and Another, Respondents.— Appeal from order of the Surrogate's Court of Queens county, denying a vacatur of its decree entered June 15, 1932, dismissed, without costs. The order is entered on the motion of the appellant. It is not appealable. (Munson Realty Co., Inc., v. Melrose Bond & Mortgage Corp., 232 App. Div. 832.) The appellant should move to resettle the order appealed from so that it may be entered without the insertion of a provision that it is entered on his, the appellant's, motion. At that time a reargument of the application might well be had, when the surrogate might consider the desirability of vacating the decree of June 15, 1932, and conducting a rehearing of the objections in furtherance of justice, to the end that it may be determined whether or not the general guardian should be surcharged the $1,395.61 which this court in Matter of Gier (240 App. Div. 859) concluded had been delivered by Stella Gier to Laura Ratke as general guardian. When the facts are developed it may be then determined whether Laura Ratke is responsible for the funds represented by the check which was indorsed in her name by Klingenbeck. It likewise may then be determined whether or not Kalb, the surety, should be required to respond in the event that Laura Ratke is responsible for this sum of money. The power to reopen the matter and the propriety of so doing is well settled in view of the unusual situation herein. (Matter of Shonts, 229 N. Y. 374, 382; Matter of Henderson, 157 id. 423.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.