In the Matter of the Estate of EDWARD F. HUTTON, Deceased.

Surrogate's Court, Nassau County, September 5, 1962.

*Shearman & Sterling (Gerard T. Shevlin* of counsel), and *Bleakley Platt Schmidt Hart & Fritz (Frank A. Fritz* and *Cyril Crimmins* of counsel), for Dorothy D. Hutton, petitioner. *Gerdes Montgomery & Miller (Dudley L. Miller* and *Mandeville Mullally* of counsel), for Nedenia H. Rumbough, respondent.

JOHN D. BENNETT, S. This is an application to appoint Joseph W. Drake as temporary administrator. Since all parties agree to the necessity of the appointment of a temporary administrator in this estate, the sole question presented is who should be selected to fill that office.

The petitioner, the nominated executrix in the propounded instrument, who is also the major beneficiary therein and the widow of the decedent, seeks the appointment of Joseph W. Drake, the attorney-draftsman, a named cotrustee and successor executor, and one of the subscribing witnesses to the propounded instrument.

The answer filed in opposition to his appointment essentially charges that Mr. Drake is not a " disinterested " candidate and that an " independent and objective person or trust company " should be selected.

No objections as yet have been filed and accordingly no formal charges have been made either that Mr. Drake himself was a principal to any alleged undue influence or that he is allied with those who may be charged with any alleged undue influence.

In *Matter of Weisberg* (286 App. Div. 850), a similar situation was presented except that objections had been filed and the attorney-draftsman, nominated executor and subscribing witness was formally charged in the objections with being used by those allegedly responsible for the undue influence. The exercise of this court's discretion in appointing the attorney as administrator in that matter was not disturbed on appeal (see, also, *Matter of Byrne,* 10 A D 2d 718).

Further, since the respondent has seen fit in her memorandum to refer to the papers filed in another application in this estate for the production of prior wills, it is interesting to note in a '' Memorandum For File '' dated August 16, 1957, prepared by Mr. Drake in connection with the propounded instrument that aside from a reduction of the respondent's share in the estate, the most significant change desired by the decedent was the elimination of a trust company as trustee and the selection of Mr. Drake as cotrustee. The memorandum reveals that the testator had been disturbed by the fact that a trust company might not continue his investment policies and that the selection of an '' old fashioned lawyer '' such as Mr. Drake would better suit his needs. Certainly the appointment of a trust company at this time, however neutral and disinterested though it might be, could result in serious changes in the estate which the decedent expressly sought to prevent by the selection of Mr. Drake.

In *Matter of Erlanger* (136 Misc. 793, affd. 229 App. Div. 778), Surrogate FOLEY pointed out that with few exceptions it is the practice of Surrogates to appoint as temporary administrators those chosen as representatives by the decedent and that such practice is based upon sound public policy in that it encourages confidence in our courts and assures persons that the management of their estates will not be entrusted to strangers. Under the facts here present, this observation is particularly appropriate.

No facts have been presented or adduced that would render Mr. Drake unfit or his selection inadvisable. Accordingly in the exercise of the court's discretion and on all the facts, Mr. Drake will be appointed temporary administrator on his qualifying according to law, and on the further condition that he serve as temporary administrator without compensation as has been agreed to by him.