John D. Bennett, S.
This is an application for the appointment of a temporary administrator. The decedent died on *159 April 3,1965, leaving a sizable estate in securities. She allegedly executed a will in August of 1950 wherein she provided for several specific bequests, and left the residuary of her estate to a niece, Frances Carley. One Margaret Meaney was named executrix in said instrument. A will purportedly executed by the decedent dated September 14, 1961 revokes her prior wills, gives her entire estate to “ Margaret Meaney, and her children, Michael Joseph Meaney and Margaret Meaney Connolly, share and share alike ”. Margaret Meaney was also named as executrix. Margaret Meaney Connolly has petitioned that the 1961 will be probated and that she be appointed temporary administratrix. Margaret Meaney predeceased the decedent herein.
Frances Carley and her brother (who was also mentioned in the 1950 will) request that a disinterested temporary administrator should be appointed, and object to the appointment of Margaret Meaney Connolly due to the fact that she is biased and hostility exists between her and some of the interested parties.
Mrs. Connolly and her brother petition that she be appointed temporary administratrix because they are the principal beneficiaries under the 1961 will and she is familiar with the affairs of the decedent. She contends that the objectants to her petition do not have standing because they have not filed objections to the probate of the 1961 will nor have they filed a statement claiming any interest under the will by reason of a possible construction resulting in a partial intestacy. Since Margaret Meaney predeceased the decedent, it may be construed that one third of the estate passed as in intestacy. If any intestacy resulted, it would appear that Mrs. Carley, her brother and their incompetent sister, would be the sole distributees thereof.
Section 126 of the Surrogate’s Court Act provides that upon the application of an interested person the Surrogate may, in his discretion, issue temporary letters of administration when “ for any cause, delay necessarily occurs in the granting of letters testamentary or letters of adminstration, or in probating a will ”.
Since the probate of the 1961 instrument will in all probability be contested and the proceeding prolonged, as evidenced by the record, and time is of the essence in properly administering the estate due to the fluctuation of securities on the market, the court will exercise its discretion and appoint a temporary administrator. In addition, where all parties agree a temporary *160 administrator is necessary, the court in its discretion can appoint one (Matter of Hutton, 35 Misc 2d 994).
The objectants to the petition of Margaret Meaney Connolly do have a standing in the application for the appointment of a temporary administrator as they are persons in interest as specified in section 126 and subdivision 10 of section 314 of the Surrogate’s Court Act. They are the next of kin, may possibly be legatees under the 1950 will, and as distributees could take a portion of the estate in the event the 1961 will is admitted to probate and it is determined that a portion of her estate passed intestate.
The statute does not specify who must be appointed temporary administrator, and the matter is left largely to the discretion of the court (see 2 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 147; Matter of Mottek, 6 Misc 2d 934; Matter of Burnham, 114 Misc. 455). There is no class of persons and no priority of persons entitled to appointment (Matter of Eggsware, 123 Misc. 541).
An interested party need not be appointed temporary administrator and “ There is at least a tendency not to appoint an interested party, particularly where his interest is opposed to that of other parties to the proceeding. The court ordinarily prefers that the * * * temporary administrator be neutral as between the proponent and the contestants of the will. Where that neutrality has been challenged, the court will usually not appoint any of them as temporary administrators ” (2 Warren’s Heaton, supra, § 147, par. 3). Matter of Hutton (supra), decided by this court, is readily distinguished from the facts herein. There a named executor applied and the appointment of a disinterested party would have contravened the directions of the testator (see Matter of Mottek, supra, also decided by this court).
There is enough evidence of hostility between the parties, and in the interest of justice the court will exercise its discretion and appoint Long Island Trust Company, a neutral, disinterested party, the temporary administrator. The temporary administrator shall permit the proponents and objectants to the 1961 will and their attorneys to have access at all reasonable times to all records and documents pertaining to the estate and to make extracts and copies, including photostatic copies thereof, in connection with and for the purpose of propounding the will for probate or objecting thereto (see Matter of Greenberg, 276 App. Div. 1085).
Settle decree on five days’ notice, with three additional days if service is made by mail.